THE STATE ex rel. HENRY E. BROUGHTON v. R. B. OLIVER, Appellant.

Division One, March 4, 1918.

1. **APPELLATE JURISDICTION: Revenue Laws: Benefit Assessment.** The laws providing for benefit assessments are "not revenue laws of the State" within the meaning of Section 12 of Article 6 of the Constitution, conferring jurisdiction on the Supreme Court of appeals involving a construction of the revenue laws of the State.

2. ———: ———: **Meaning.** By "revenue laws of the State" in the clause of the Constitution defining appellate jurisdiction is meant those laws by which revenue is raised for purely public governmental functions. They are not the laws whose principal purpose is to furnish means for paying for mere local improvements, such as those authorizing a drainage district to assess benefits on lands therein for the purpose of paying the cost of constructing drains and levees, or such as those authorizing a city to assess the cost of a sidewalk or pavement against the abutting property as a benefit thereto.

3. ———: ———: **Benefit Assessment: Method of Collection.** The fact that the laws providing for special assessments to pay for a local improvement also provide for the collection of those assessments in the same manner and by the same officers as ordinary taxes are collected, does not make the construction of those laws a construction of "the revenue laws of the State." The mode of collection is but a method of procedure, and if the laws governing the procedure are the same as that prescribed by the revenue laws they simply draw on those laws to the extent of making a complete special assessment law, and the construction must be as if they were a part of the special assessment act.

Appeal from New Madrid Circuit Court.—*Hon. Frank Kelly*, Judge.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

*Oliver & Oliver* for appellant.

*James R. Brewer* and *Henry C. Riley, Jr.*, for respondent.

GRAVES, J.—This case was certified to this court by the Springfield Court of Appeals on the ground that it involved the construction of the revenue laws of the State. The applicable clause of the Constitution conferring appellate jurisdiction upon this court reads: "in cases involving the construction of the revenue laws of this State."

The relator is the collector of New Madrid County. By his suit he seeks to enforce a lien upon lands owned by defendant for certain special benefit assessments directed by the county court of that county to be charged against such land to meet the bonded obligation of Drainage District No. 18, which district was organized under the county court statutory provisions for the organization of drainage districts. No constitutional questions are raised, and the amount of the several assessments sought to be collected does not bring the case within our jurisdiction. In fact it is certified here solely on the ground that it involves "the construction of the revenue laws of this State." Have we jurisdiction?

I. In some two or three cases the Springfield Court of Appeals has ruled that the enforcement of these special benefit assessments does involve "the construction Revenue of the revenue laws of this State." Besides the Laws. case at bar, and another one on our present docket, we have had the case of State ex rel. v. Redman, 190 Mo. App. 300, 270 Mo. 465. We assumed jurisdiction in the Redman case, supra, with this remark:

"It is sufficient to say that constitutional questions were duly lodged in the answer." The Court of Appeals certified the case here upon both grounds, and we assumed jurisdiction with the remark above quoted. We thought then (as the writer of the opinion in this court in the Redman case) and think now, that but for the constitutional questions lodged in the Redman case this court would have been without jurisdiction. This for the reason, that laws providing for benefit assessments are not "revenue laws of this State" within the meaning of section 12 of article 6 of the Constitution. These are laws which provide a means of paying for mere local improvements, and should not be classed with the "revenue laws of this State" so as to fix jurisdiction in this court. When we speak of the "revenue laws of this State " we have reference to those laws by which revenue is raised for purely public governmental functions, and not to laws, the principal purpose of which is to furnish a means of payment of mere local improvements. To illustrate: the State grants power to municipalities to raise revenue, by taxation, with which to run the municipality, and such might be properly denominated a revenue law of this State, but it would hardly do to say that because the State has said to a city that you may improve your streets by means of special benefit assessments, this would make such a law a revenue law of this State within the meaning of the constitutional provision, supra. In drainage district matters the State authorizes the formation of the districts, and further authorizes the assessments of benefits in order to raise money with which to make the improvements, but this does not make such laws "revenue laws of this State" within the constitutional provision aforesaid. If so, then when the State authorizes cities to improve their streets and boulevards by means of special benefit assessments, such laws would likewise be a "revenue law of this State." Such laws, like the drainage district laws, raise money to be expended for a quasi-public purpose, but there is a difference between such laws and

the laws which provide for the raising of money for purely public governmental purposes. It is to the latter class that this constitutional provision refers, and it was this we had in mind when we stated in Redman's case, supra, that the constitutional questions duly lodged in the answer sufficed to fix our jurisdiction in that case.

This court has never viewed special assessment laws in the light of revenue laws, as such laws are usually understood. In the very early case of Egyptian Levee Co. v. Hardin, 27 Mo. l. c. 496, we said: "That provision of our State Constitution, which requires taxation to be proportioned to the value of the property on which it is laid, is only applicable to taxation in its usual, ordinary and received sense, and is therefore limited to taxation for general purposes alone, where the money raised by the tax goes into the state treasury, or the county treasury, or the general fund of some city or town, and is applicable to any purpose to which the legislative body of such State, county or town may choose to apply it; and is not intended to apply to local assessments, where the money raised is to be expended on the property taxed. These local assessments are not necessarily, under our Constitution, apportioned by reference to the value of the property assessed, but may be regulated by the value of the benefit which the improvement, to which the money is devoted, is expected to confer on the proprietor."

So too, in Morrison v. Morey, 146 Mo. l. c. 564, speaking of assessments in a levee district, and speaking of a levee district, this court said: "But while it is a public subdivision of the State and not a private corporation, it does not follow that the money to be raised from the landowners to carry out the objects intended, is a tax. It is an assessment which is justified by the benefit, public and private, conferred. The cost of the abatement of nuisances, for the construction of sewers or for the improvement of a street, may be assessed against the property benefited, notwithstanding the public and the owner are both interested. As a tax it would

be unconstitutional, because not uniform (Constitution, sec. 3, art. 10) and because not in proportion to the value of the property (Constitution, sec. 4, art. 10) and because it is prohibited by the limitations of section 12 of article 10 of our Constitution, but being an assessment of benefits and in no sense a tax it is a constitutional exercise of the power of the State.''

The writer of the opinion in this case has collated all the previous cases in this State, and they may be seen by a reference to the opinion. The distinction thus drawn between taxes (provided for by the revenue laws of this State) and assessments for benefits (as provided for in levee and drainage district laws) has been consistently followed in all subsequent cases. [Kansas City v. Bacon, 147 Mo. l. c. 282; City of St. Joseph v. Owen, 110 Mo. l. c. 455; Land & Stock Co. v. Miller, 170 Mo. l. c. 252-257; Construction Co. v. Ice Rink Co., 242 Mo. l. c. 255-256; Levee District v. Railroad, 240 Mo. l. c. 632; Drainage District v. Turney, 235 Mo. l. c. 90; State ex rel. v. Drainage District, 269 Mo. l. c. 458.]

In 2 Cooley on Taxation (3 Ed.), page 1154, the distinction between taxes and special assessments is thus clearly drawn: ''The distinction between them and ordinary taxation has thus been pointed out in a recent case: 'A local assessment can only be levied on land; it cannot, as a tax can, be made a personal liability of the taxpayer'; it is an assessment on the thing supposed to be benefited. A tax is levied on the whole State or a known political subdivision, as a county or town. A local assessment is levied on property situated in a district created for the express purpose of the levy, and possessing no other function, or even existence, than to be the thing on which the levy is made. A tax is a continuing burden and must be collected at stated short intervals for all time, and without it government cannot exist; a local assessment is exceptional both as to time and locality—it is brought into being for a particular occasion, and to accomplish a particular purpose, and dies with the passing of the occasion and the accomplish-

ment of the purpose.  A tax is levied, collected, and administered by a public agency, elected by and responsible to the community upon which it is imposed: a local assessment is made by an authority *ab extra.* Yet it is like a tax in that it is imposed under an authority derived from the Legislature, and is an enforced contribution to the public welfare, and its payment may be enforced by the summary method allowed for the collection of taxes.  It is like a tax in that it must be levied for the public purpose, and must be apportioned by some reasonable rule among those upon whose property it is levied.  It is unlike a tax in that the proceeds of the assessment must be expended in an improvement from which a benefit clearly exceptive and plainly perceived must inure to the property upon which it is imposed.'  Not all these difference are necessarily existent in every case, but in the main the characterization is as accurate as it is forcible."

When the Constitution speaks of the "revenue laws of this State," as it does in Section 12 of Article 6, supra, it has reference to that body of laws by which funds for public governmental purposes are raised, and not to that law or body of laws by which are authorized the assessment of benefits to meet the expenses of given improvements.  In other words, the two purposes make up separate schemes: (1) revenues for public governmental purposes, and the assessment, collection, and expenditure thereof, and (2) special assessments and their collection and expenditure.  It is to the first class, supra, that the constitutional provision under review applies, and not to the latter.

II.  The Court of Appeals seems to bottom its judgment upon the theory that, because the law which provides for special assessments also provides for the collection of such assessments as ordinary taxes are collected, this makes a construction of those laws the construction of "the revenue laws of this State" within the meaning of the Constitu-

Method of Collection.

tion. We cannot so view the matter. As shown there are two separate schemes: (1) revenue laws proper, and (2) special assessment laws. The mode of collection is but a method of procedure, and when that scheme of laws relative to special assessments provides for their collection as taxes are collected, such provision in the special assessment law just draws unto that law a method of procedure, so as to make it a complete law, and when such procedure is thus drawn to and made a part of the special assessment law, the construction of the procedure must be as if a part of the special assessment act, and not as if a part of the general revenue act. So that if the special assessment acts do not fall within the constitutional provision without the procedure portion, they should not be said to fall within the constitutional provision, simply because by express provision they have drawn unto themselves a method of procedure found in the general revenue laws.

It follows that this court is without jurisdiction in this case, and the cause should be re-transferred to the Springfield Court of Appeals for final disposition. All concur, except *Bond, P. J.,* absent.