THE STATE ex rel. A. PARKER KERSEY, Collector of the Revenue, v. MARK K. SIMS and RAYMOND SIMS, Appellants.

Division Two, June 5, 1925.

**APPELLATE JURISDICTION**: Drainage Taxes: Revenue Laws. The Supreme Court does not have appellate jurisdiction of a proceeding to enforce against the lands of defendants benefit assessments levied by a drainage district. Although such assessments are collected as other taxes, the proceeding does not involve a construction of the revenue laws in the constitutional sense in which those words are used in Section 12 of Article 6 of the Missouri Constitution. [Following State ex rel. Broughton v. Oliver, 273 Mo. 537.]

Corpus Juris-Cyc. References: **Appeal and Error**, 3 C. J., Sections 125, p. 369, n. 30; 128, p. 372, n. 53. **Courts**, 15 C. J., Section 511, p. 1079, n. 51.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

OPINION ON MOTION FOR REHEARING.

*C. G. Shepard* for appellants.

*N. C. Hawkins* for respondent.

RAILEY, C.—The parties to this action filed elaborate briefs upon the merits of the case, but omitted to call our attention to the question as to whether this court had jurisdiction over the subject-matter of the action. As jurisdiction over the subject-matter cannot be conferred by consent or acquiescence, it becomes our duty to pass upon same, whether raised or not. On motion for re-hearing, counsel for appellants have called our at-

tention to the decision of Division One entitled State ex rel. Broughton v. Oliver, 273 Mo. 537, wherein Judge GRAVES, speaking for said division, in a well considered opinion, on facts involving the question of jurisdiction similar to those at bar, held that Section 12 of Article 6 of our Constitution, giving the Supreme Court appellate jurisdiction in cases involving the construction of the revenue law, does not authorize appeals to the Supreme Court in proceedings to enforce drainage benefit assessments, although the latter are collected as other taxes. Other authorities of this court are cited by appellants in their motion for a rehearing, in support of Judge GRAVES' ruling.

In passing upon the case we were not aware that Division One had promulgated the above opinion, and as no controversy was raised in respect to the matter, assumed that this court had jurisdiction of the cause under Section 12 of Article 6 supra. We see no reason for departing from the ruling in the Oliver case supra and, hence, must hold that this court was without jurisdiction to pass upon the merits of the case. We accordingly set aside the order of submission herein, withdraw our opinion heretofore filed, and transfer the cause to the Springfield Court of Appeals for its determination.

PER CURIAM:—The foregoing opinion of RAILEY, C., on motion for re-hearing, is adopted as the opinion of the court. All of the judges of this Division concur.