E. P. Wheat v. Platte City Benefit Assessment Special Road District of Platte County, Appellant,

and

E. P. Wheat, Appellant, v. State Highway Commission of Missouri.—52 S. W. (2d) 856.

Division One, September 3, 1932.

Andrew D. Gresham and Walter J. Gresham for appellant.

John W. Mather and Wilkie B. Cunningham for respondent.

FERGUSON, C.—E. P. Wheat brought this action, denominated by the parties as an action for money had and received, in the Circuit

Court of Platte County, against Platte City Benefit Assessment Special Road District of Platte County and State Highway Commission of Missouri as defendants. Plaintiff asked judgment against defendants in the principal sum of $883.96 with interest thereon from January 5, 1922. A jury was waived and the cause submitted to the court upon an agreed statement of facts. Judgment was for the defendant State Highway Commission and against the defendant Road District in the sum of $883.96 principal and $563.68 interest, aggregating $1447.64. Thereupon the Road District appealed from the judgment against it and plaintiff appealed from the judgment in favor of the defendant Highway Commission. The appeals were granted to this court and the appeal of the defendant Road District is here numbered, 30,290 and that of plaintiff numbered, 30,291.

The defendant, Platte City Benefit Assessment Special Road District of Platte County herein referred to as the Road District, was organized in 1920 under the provisions of Article 8, Chapter 98 Revised Statutes 1919, and pursuant thereto a special tax was ordered against the several tracts of land within the district to pay the costs of improving a certain designated public road in said district "in accordance with the plan and specifications" therefore prepared and filed as required by the act. Thereupon under Section 10844, Revised Statutes 1919, "a separate special tax bill" was issued "against each tract of land in the district for the amount" assessed against it. Section 10844, supra, provides that, "If any special tax bills be unpaid at the expiration of thirty days after the date of such order, the commissioners may borrow money not exceeding the aggregate amount of such special tax bills as are then unpaid, and at a rate of interest not exceeding eight per cent per annum, and as such unpaid special tax bills are paid, shall draw warrants on the county treasurer for the amount of such payments, to pay whatever may be so borrowed, with interest thereon; . . . Money so borrowed shall be deposited with the county treasurer to the credit of such road district." As authorized by this section the commissioners borrowed $30,000 from the plaintiff Wheat. By the agreed statement of facts herein it is admitted: that, "plaintiff's money loaned said district was loaned upon the faith and credit of the liens of said special tax bills;" that, "it was generally understood both by the plaintiff and the commissioners of the Road District that said money would be used in the construction of the improvement for which said tax bills were issued;" that, "notes were executed by the commissioners of said Road District to evidence said loan and delivered to plaintiff Wheat" and that the tax bills were delivered "to the treasurer of Platte County, Missouri, to be held and collected as provided by law for the payment of the indebtedness created by said loan." Three days after the loan was made the Road District turned over

the $30,000 borrowed from plaintiff with $8000 additional, a total of $38,000, to the defendant State Highway Commission. It is stated in the brief of the Highway Commission: "The Road District, by turning this money over to the State Highway Commission, secured a higher type road, some of it belonging to the primary system and some of it belonging to the secondary system, long before such road could have been secured if it had not been built until the apportionment of funds to Platte County, under Section 26 of the Centennial Road Law, was sufficient to build it.

"This road was built under the provisions of the Morgan-McCullough Law passed in 1919 (Secs. 10888-10910, R. S. 1919) (Laws 1919, p. 650, et seq.), which was kept in effect under the provisions of Section 2 of the Centennial Road Law (Laws 1921, First Ex. Sess., p. 133), 'until the road projects and contracts which shall have been approved under the provisions of said sections shall have been completed,' as interpreted by the case of Liberty Township, Stoddard County v. State Highway Commission, 315 Mo. 747, 287 S. W. 39." The Road District "abandoned construction of the road according to its own plans and specifications." [Platte City Benefit Assessment Special Road District of Platte County v. Couch, 320 Mo. 489, 8 S. W. (2d) 1003.] The Highway Commission made certain changes in the plans, specifications and route, the terms of which are not important in this statement, and with the money supplied by the Road District to which was added State and Federal road money, constructed a road according to plans and upon a route determined by the commission. All the tax bills with interest thereon were paid and the proceeds thereof paid to plaintiff Wheat except tax bills issued against seven tracts of land in said district owned by J. W. Couch aggregating $883.96. The Road District brought suit on these tax bills to enforce the lien thereof against the Couch land. In that case, Platte City Benefit Assessment Special Road Tax of Platte County v. Couch, supra, this court held that the road constructed by the commission was not substantially the same road improvement provided for in the proceedings which were "the foundation for the tax bills" and as there had been an "abandonment of the only improvement that would support them" the tax bills were invalid and could not be sustained and enforced. It seems that the commission did not use all the funds turned over to it by the Road District and in 1925 and 1926, before any demand was made upon it by the plaintiff, the commission returned an aggregate of $6488.93 to the Road District in two installments.

Having been repaid all the money loaned by him to the Road District, with interest thereon, except $883.96 represented by the Couch tax bills, Wheat brought this action against the Road District and Highway Commission. The action is based upon the theory that

the defendant Road District borrowed the $30,000 from plaintiff and agreed to repay same with interest "from collections upon the special tax bills;" that the "money was received upon an express trust enjoined by statute to be used in the construction of the public improvement" provided for by the proceedings pursuant to which the tax bills were issued but that the money was diverted by the defendants to the improvement of another and different road than the one for the improvement of which the tax bills were issued. The petition alleges that the defendant Road District "converted" the money loaned to it by the plaintiff and "wrongfully and illegally misused and misapplied" same "and has failed, neglected and refused to restore said funds to the plaintiff in the sum of $883.96 together with interest thereon" and defendant Highway Commission "with full knowledge of all the facts herein alleged, aided, abetted, assisted and joined with the defendant" Road District "in the conversion of plaintiff's money and that said defendants had and received the money of plaintiff as herein alleged and have failed, neglected and refused to restore same to the plaintiff." The petition then concludes with a prayer "for judgment against the defendants as aforesaid together with interest at the rate of 8% per annum from January 5, 1922."

■ ■ None of the parties have questioned the appellate jurisdiction of this court. "Nevertheless the question of jurisdiction cannot be ignored." [State ex rel. Consolidated School District v. Ingram, 317 Mo. 1141, 298 S. W. 37.] "The first question to be decided by any court in any case is whether or not it has jurisdiction in point of fact." [Bealmer v. Hartford Fire Insurance Co., 281 Mo. 495, 220 S. W. 954.] The amount in dispute does not confer jurisdiction. The State Highway Commission is not a "State officer," (State ex rel. State Highway Commission v. Day, 327 Mo. 122, 35 S. W. (2d) 37 and State ex rel. State Highway Commission v. Carroll (Mo. Sup.), 34 S. W. (2d) 74) or a "political subdivision of the State as these terms are used in the provisions of our Constitution (section 12, article 6) governing appeals" (Christeson v. State Highway Commission (Mo. Sup.), 40 S. W. (2d) 615) nor is the defendant special Road District a "political subdivision of the State in a jurisdictional sense and within the meaning of Section 12, Article 6 of the Constitution." [Wilson v. King's Lake Drainage & Levee District, 237 Mo. 39, 139 S. W. 136.] It is obvious therefore that we do not have jurisdiction of these appeals unless a constitutional question is involved.

The Constitution gives this court exclusive jurisdiction to hear and determine appeals "in cases involving the construction of the Constitution of the United States or of this State." Plaintiff states in his petition that he loaned the Road District the sum of $30,000 in

the manner heretofore related and that the "right to have said money applied only to the purpose for which it was loaned amounted to a vested right . . . and to destroy said property rights is contrary to Article XIV of the Amendments to the United States Constitution and is also contrary to and in violation of Section 4 of Article 2 of the Constitution of Missouri, and is contrary to and in violation of Section 15 of Article 2 of the Constitution of Missouri, and is contrary to and in violation of Section 20 of Article 2 of the Constitution of Missouri, and is contrary to and in violation of Section 21 of Article 2 of the Constitution of Missouri, and is contrary to and in violation of Section 30 of Article 2 of the Constitution of Missouri."

Plaintiff states that to permit said defendant district to appropriate and convert the money and property of the plaintiff as aforesaid, would amount to a destruction of the vested rights of the plaintiff by the courts of Missouri, and constitute an impairment of the obligation of contracts contrary to Section 10 of Article 1, of the Constitution of the United States, providing that no state "shall pass any bill of attainder, ex post facto law or law impairing the obligation of contracts." In his motion for a new trial appellant Wheat averred: (1) "that the judgment of the court in favor of the defendant Highway Commission is against the law and against the agreed statement of facts and violates the constitutional provisions pleaded in plaintiff's petition;" (2) that, "under the law and the agreed statement of facts the plaintiff was entitled to a judgment for the amount sued on in his petition against defendant Highway Commission and that plaintiff's rights pleaded in the petition are protected by the provisions of the State and Federal Constitutions pleaded in plaintiff's petition and said judgment is erroneous in not sustaining said constitutional pleas of plaintiff;" (3) that, "the court erred in holding that defendant Highway Commission was not liable in this action for the misapplication of funds of the plaintiff as shown by the agreed statement of facts;" and (4) that, "under the law and the agreed statement of facts the defendant Highway Commission received the plaintiff's money with knowledge of its trust character and misapplied and misappropriated the same and plaintiff is entitled to a judgment against said Highway Commission for the amount sued for in his petition." In plaintiff's brief, as appellant, under assignment of errors, it is stated: "The judgment of the court in favor of the State Highway Commission of Missouri amounts to a taking of plaintiff's property without due process of law contrary to" then follows the same enumeration, merely by the number of section and article, of the constitutional provisions listed in the petition but under "Points and Authorities" plaintiff-appellant presents but two propositions: (1) that the money

loaned by him "was received upon an express trust enjoined by statute," that same "was diverted by the defendant and that plaintiff is entitled to a judgment against both defendants for the amount sued for" and (2) that "plaintiff's action is not barred by the statute of limitations," as pleaded in defendants' answers. No constitutional provision is cited or invoked under "Points and Authorities" nor is the constitutionality of any statute challenged or questioned by appellant Wheat in his petition, reply, motion for a new trial or brief.

■■ We think it must appear from the statement we have made that no constitutional question is properly raised or sufficiently presented to confer jurisdiction on this court. A real, substantive constitutional question "upon which the case may be made to turn" must be properly raised and presented here to give this court jurisdiction on that ground. [Bealmer v. Hartford Fire Insurance Co., supra; D'orrah v. Pemiscot County Bank (Mo. Sup.), 248 S. W. 960.] Neither the vague, indefinite and general assertions in plaintiff's petition to the effect that if he be denied the judgment sought against both defendants his vested rights would be destroyed contrary to provisions of the Constitution of the United States and of this State, referred to by the number of the sections and articles of the Constitution, nor the more general statement in the motion for a new trial that the judgment of the court in finding for the defendant Highway Commission "violates the constitutional provisions pleaded in plaintiff's petition" and that "plaintiff's rights pleaded in the petition are protected by the provisions of the State and Federal Constitutions," are sufficient to raise a constitutional question. If such general allegations were held to raise a constitutional question and thereby give this court jurisdiction then by that formula every case could be brought here for review. [Beck v. K. C. Public Service Co. (Mo. Sup.), 37 S. W. (2d) 589; D'orrah v. Pemiscot County Bank, supra; Woody v. St. L. & S. F. Ry. Co., 173 Mo. 547, 73 S. W. 475; Stegall v. Pigment & Chemical Co., 263 Mo. 719, 173 S. W. 674; Village of Grandview v. McElroy, 318 Mo. 135, 298 S. W. 760; Bealmer v. Hartford Fire Ins. Co., supra.] A consideration of the numbered sections of the Federal and State Constitutions enumerated by appellant demonstrates that no constitutional question of substance determinative of this case is involved. We examine first the Fourteenth Amendment to the Constitution of the United States and Section 10 of Article 1 of the Constitution of the United States and Sections 15 and 30 of Article 2 of the Constitution of Missouri. Section 1 of the Fourteenth Amendment, which we presume is the part of the Amendment to which appellant refers, provides: "that no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall

any State deprive any person of life, liberty or property without due process of law nor deny to any person within its jurisdiction the equal protection of the laws." That part of Section 10, Article 1 to which we assume appellant refers, forbids any State to pass "any *ex post facto* law or law impairing the obligation of contracts." Section 15 or Article 2 of the Constitution of this State reads: "No *ex post facto* law, nor law impairing the obligation of contracts, or retrospective in its operation, . . . can be passed by the General Assembly" and Section 30: "No person shall be deprived of life, liberty or property without due process of law." Appellant at no place in his petition, reply, motion for a new trial or brief points out or refers to any statute or law applicable to or invoked in this case as being in violation of or contrary to the inhibitions of the foregoing constitutional provisions. As to due process of law. Merely to assert that by the judgment of the court appellant is deprived of his property without due process of law is not sufficient to force jurisdiction here. [Stegall v. Pigment & Chem. Co., supra; Woody v. St. L. & S. F. Ry. Co., supra; Hilgert v. Barber Asphalt Paving Co., 173 Mo. 319, 72 S. W. 1070.] Appellant nowhere points out how or in what manner he has been denied due process of law. The defendants were brought before the court, filed their separate answers, issue was joined, plaintiff and defendants entered into a stipulation as to the facts, waived a jury and submitted the cause to the court and the court had jurisdiction of the subject-matter and of the parties. If the court erred in its ruling as to applicable principles of law or in applying the law to the facts such error can be corrected upon review by the Court of Appeals which, absent a constitutional question, has appellate jurisdiction. The portion of Sections 20 and 21 of Article 2 of the Constitution of Missouri to which plaintiff evidently refers are as follows. Section 20, "No private property can be taken for private use, with or without compensation, unless by the consent of the owner, except. . . ." Section 21, "Private property shall not be taken or damaged for public use without just compensation . . ." These sections are referred to by number with the assertion that the judgment of the court for defendant Highway Commission violates said sections. We do not discover their applicability in this case. It does not appear that the constitutionality of any statute or law is in question or that the construction or interpretation of any constitutional provision is essential to a determination of this cause.

For the reasons stated we hold that we do not have jurisdiction of these appeals and the cause is transferred to the Kansas City Court of Appeals. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.