O. W. Chilton et al., Appellants, v. Drainage District No. 8 of Pemiscot County.—61 S. W. (2d) 744.

Division One, June 12, 1933.

*Von Mayes* for appellants.

*C. G. Shepard* for respondent.

HYDE, C.—This is a suit on an account. Plaintiffs, newspaper publishers, as partners, sued defendant, alleged to be a drainage

district organized, under the laws of this State relating to drainage districts, by the county court. Plaintiffs alleged:

"That the defendant by its attorney instituted in the Circuit Court of Pemiscot County, Missouri, divers suits for delinquent drainage taxes due defendant and recovered judgment therein; that certain notices, as required by law, were published at the instance of defendant, in said suits, by and through the clerk of the Circuit Court and the Sheriff of said county, as shown by the itemized statement herewith filed and market Exhibit 'A.' "

This exhibit stated the nature of the account, as follows:

' "To publishing Orders of Publication (notices to non-residents of the State of Missouri), in Tax suits brought in the Circuit Court of Pemiscot County, Missouri."

It listed seventeen separate suits, with the publication fee in each, aggregating $423.14, which was the amount sued for. Defendant filed a demurrer upon the ground that plaintiffs' petition failed to state facts sufficient to constitute a cause of action. This demurrer was sustained and plaintiffs refused to plead further. The court entered judgment dismissing the petition and plaintiffs appealed therefrom to the Springfield Court of Appeals. The cause was certified here because the Court of Appeals considered that a constitutional question was involved. [Chilton v. Drainage District No. 8 of Pemiscot County (Mo. App.), 28 S. W. (2d) 120.]

Defendant's theory of the case was that it was not liable for the publication fees charged by plaintiffs, because of the exemption from payment of costs in delinquent tax suits contained in Section 12259, Revised Statutes 1919, now Section 9969, Revised Statutes 1929. The Court of Appeals in its opinion stated plaintiffs' contention as follows:

"Plaintiffs have raised a constitutional question, and make the point in their brief that defendant contends that by virtue of section 4496 and section 12959 of Revised Statutes 1919, defendant is not liable. It is urged that such statutes, *if so construed,* would interfere with the freedom of contract and would deprive plaintiffs of their property without due process of law, in violation of section 10, article 1, of the United States Constitution, and of section 1 of the Fourteenth Amendment to the United States Constitution and sections 4 and 30 of article 2, of the Constitution to the State of Missouri."

That the construction of a statute contended for by one party might, *if accepted by the court,* result in a rule which would violate some constitutional provision, *if the statute had so provided,* does not, however, involve "the construction of the Constitution of the United States or of this State." within the meaning of Section 12 of Article VI of our Constitution, so as to give this court jurisdic-

tion. The construction contended for might be erroneous. This court recently reviewed this matter in Woodling v. Westport Hotel Operating Co., 331 Mo. 812, 55 S. W. (2d) 477, l. c. 481, and set forth the conclusions of a number of other recent cases upon this proposition, as follows:

"Appellants' complaint is not that in any event the specified sections of the statute are unconstitutional, but that as construed and applied by the trial court they would be unconstitutional, and is ultimately reduced to this, that the trial court misconstrued the meaning and effect of said sections, and erred in applying them in this case. It was held by this court, In Nickell v. Kansas City, St. L. & C. R. Co., 326 Mo. 338, 32 S. W. (2d) 79, 81, that: 'A challenge that the statute is unconstitutional in any event is the only challenge that is sufficient to raise a constitutional question and invest this court with appellate jurisdiction.' We said in Service Purchasing Co. v. Brennan (Mo. Sup.), 32 S. W. (2d) 81, 83, that: 'To invest this court with jurisdiction, the challenge must be that the statute is inherently and totally invalid. The challenge, to be effective to invest this court with jurisdiction, must attack the validity of the statute in any event, and the postulate that a certain interpretation of the statute renders it invalid is insufficient. We cannot speculate that the appellate court determining the question will decide it erroneously.' And in Dietrich v. Brickey, 327 Mo. 189, 37 S. W. (2d) 428, 429, it was said: 'The only kind of an attack that is sufficient to invest this court with jurisdiction on appeal is that the statute is inherently and wholly unconstitutional from every viewpoint.' See, also, Corbett v. Lincoln Savings & Loan Assn. (Mo. Sup.), 4 S. W. (2d) 824."

In the Corbett case this court held that an erroneous construction of a statute, by the trial court (the wrong interpretation resulting in an unconstitutional rule) does not raise a constitutional question.

The same question was discussed and the same conclusion reached in Wheat v. Platte City Benefit Assessment Special Road District, 330 Mo. 1245, 52 S. W. (2d) 856, where it was contended that if plaintiff "be denied the judgment sought against both defendants his vested rights would be destroyed contrary to provisions of the Constitution of the United States and of this State." [See, also, State ex rel. Walker v. Locust Creek Drainage District, 58 S. W. (2d) 452.]

The so-called constitutional question, raised here, was decided by this court in Chilton v. Pemiscot County, 330 Mo. 468, 50 S. W. (2d) 647, a suit by these same parties. This court had jurisdiction there, although the amount involved was as here less than the jurisdictional amount, because a county was a party. However, a drainage district is not, like a county, a political subdivision of the State within the meaning of Section 12, Article VI of our Constitution. [Wilson v. Kings Lake Drainage & Levee District, 237 Mo. 39, 139

1176

S. W. 136.]  Neither does a question involving the meaning of the laws concerning the collection of special assessments, such as are provided for drainage districts, make ''a construction of those laws a construction of 'the revenue laws of this State' within the meaning of the Constitution.'' [State ex rel. Broughton v. Oliver, 273 Mo. 537, 201 S. W. 868.] It follows that we have no jurisdiction, which is a question we cannot ignore although not raised by the parties. [Wheat v. Platte City Benefit Assessment Special Road District, 330 Mo. 1245, 52 S. W. (2d) 856, l. c. 858.]

The cause is, therefore, retransferred to the Springfield Court of Appeals for final determination. *Ferguson* and *Sturgis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All of the judges concur.