ASSOCIATED HOLDING COMPANY v. W. B. KELLEY & COMPANY ET AL., CITY OF ST. JOSEPH, Appellant.—81 S. W. (2d) 624.

Division One, April 17, 1935.

*John S. Boyer, Richard S. Duncan* and *Francis A. Pickle* for appellant.

*Wm. M. Morton* for Fairleigh Realty Company.

*Kranitz & Duncan* for Associated Holding Company.

COLES, J.—This action was instituted in the Circuit Court of Buchanan County, Missouri, by respondent against Fairleigh Realty Company, the city of St. Joseph, Missouri, and other defendants upon two special tax bills alleged to have been duly issued for the paving of Frederick Avenue in said city. Appellant's petition prayed judgment for the amount of the special tax bills, with interest, and "that the same be declared a special lien" upon the property therein mentioned "and that said lien and all right, title and interest of the defendants in said property be foreclosed and that it have execution therefor;" and further prayed "that the court declared said judgment to be a general judgment against defendant city of St. Joseph, to be collected in like manner as other judgments against said city, in addition to the lien of said tax bill against the property hereinabove set out." The defendant Fairleigh Realty Company filed its separate answer to the petition in which it admitted that the defendant city of St. Joseph is interested in the real estate described in plaintiff's petition and denied each and every other allegation therein contained, and specifically denied that it was the owner or had any interest in the property mentioned in the petition and alleged, in substance, that the defendant city of St. Joseph acquired the legal

title to the real estate described in the petition by virtue of a dedication thereof made by the Realty Company and also set up certain acts of the city which it was averred constituted an acceptance by the city of the alleged dedication. The appellant city of St. Joseph filed an answer to the petition in which it denied each and every allegation of the petition except those therein expressly admitted. The answer admitted that it is a municipal corporation existing under the laws of the State of Missouri as a city of the first class; and that the special tax bills described in the respective counts of the petition were issued to Consolidated Paving & Material Company and by said company assigned to the plaintiff, and further specifically denied that it "has any claim to or interest in" the property in question and "disclaims any right, title or ownership in or to said property or any part thereof."

The case was tried in the court below without a jury. The trial court found that the tax bills sued upon were respectively a charge upon certain described property and further found that "at the time of the improvement and up to the present time defendant city of St. Joseph owned and still is the legal holder and owner of said real estate in fee simple absolute;" that defendant Fairleigh Realty Company "has no right, title or interest in or to said real estate herein described and is not the legal owner thereof." Thereupon, the court below entered a general judgment in favor of plaintiff and against the defendant city of St. Joseph upon both counts of the petition the aggregate amount of the judgment, with interest, being in the sum of $1985.54. Afterwards in due course the defendant city of St. Joseph was granted an appeal to this court.

Although the jurisdiction of this court is not challenged by any of the parties to this controversy, it is necessary for the court to determine whether it has jurisdiction of this cause before it can properly enter upon the consideration of its merits. We are clearly of the opinion that under the provisions of Section 12 of Article VI of our Constitution limiting the appellate jurisdiction of this court we have no jurisdiction of the subject matter of this cause. As already stated the record herein shows that the amount involved in the present controversy is only $1985.54, and that a judgment in that sum was rendered in the trial court against the defendant city of St. Joseph, thus making it manifest that the appellate jurisdiction of this court does not attach by reason of the "amount in dispute." The suit sought recovery upon two special tax bills issued to a contractor for performing work under an ordinance of the defendant city of St. Joseph providing for the paving of a street in that city.

It is well settled by the decisions of this court that a suit for the enforcement of special taxes for benefits assessed for local improvements, such as are here in question, does not involve the "revenue laws of this state" which the meaning of the relevant provision

855

of our Constitution. [City of Laclede v. Libby (Mo.), 278 S. W. 372; State ex rel. v. Reynolds, 243 Mo. 715, 148 S. W. 623; State ex rel. Broughton v. Oliver, 273 Mo. 537, 201 S. W. 868; State ex rel. v. Sims, 309 Mo. 18, 274 S. W. 359; Chilton v. Drainage District, 332 Mo. 1173, 61 S. W. (2d) 744.]

■ The fact that the city of St. Joseph is a party to the cause does not bring the case within the appellate jurisdiction of this court as a city, within a county, is not a "political subdivision of the State" within the meaning of the constitutional provision before mentioned. [Kansas City v. Neal, 122 Mo. 232, 26 S. W. 695; Green v. Owen, 326 Mo. 450, 31 S. W. (2d) 1037; City of Louisiana v. Lang, 251 Mo. 664, 158 S. W. 1; Smith v. Sedalia, 228 Mo. 505, 128 S. W. 735; City of St. Joseph v. Georgetown Lodge (Mo.), 8 S. W. (2d) 979; McGill v. City of St. Joseph (Mo.), 31 S. W. (2d) 1038.]

■ The present suit does not involve "title to real estate" within the meaning of the controlling provision of our Constitution previously mentioned. The suit sought a judgment for the amount of the special tax bills sued upon and prayed that the judgment be declared a special lien upon the property described in the tax bills, and that such lien be foreclosed, and further prayed "that the court declare said judgment to be a general judgment against the defendant city of St. Joseph, to be collected in like manner as other judgments against said city in addition to the lien of said tax bills against the property" described in the tax bills. The title to real estate was not directly involved in the suit nor was the matter of title determined by the judgment. The question of title was only involved incidentally for the purpose of determining whether plaintiff was entitled to a judgment imposing a lien on the property or a money judgment against the defendant city. Upon the facts disclosed by the record it is clear that the case was not one "involving title to real estate" within the meaning of the constitutional provisions defining the jurisdiction of this court. [Nettleton Bank v. McGaughey, 318 Mo. 948, 2 S. W. (2d) 771; Turner v. Morris, 222 Mo. 21, 121 S. W. 9; Brannock v. Magoon, 216 Mo. 722, 116 S. W. 500; Paving Co. v. Hezel, 138 Mo. 229, 39 S. W. 781.]

As this court has no jurisdiction of this case it will be certified to the Kansas City Court of Appeals. It is so ordered. All concur.