THE ST. FERDINAND SEWER DISTRICT OF ST. LOUIS COUNTY, MISSOURI, a Public Corporation, Plaintiff, A. EVAN HUGHES, Liquidator of Sewer Districts of St. Louis County, Substitute Plaintiff— Appellant, v. DOLLIE TURNER.—No. 40239.—203 S. W. (2d) 731.

Division One, July 14, 1947.

*Peter T. Barrett* for appellant.

*Wm. J. Becker* for respondent.

 DALTON, C.—Action to recover delinquent sewer taxes. A motion to dismiss the cause was sustained and judgment of dismissal was entered. The substitute plaintiff has appealed.

The action was instituted on September 27, 1934, when The St. Ferdinand Sewer District, a public corporation, filed its petition in the Circuit Court of St. Louis County in an action against defendant to recover certain delinquent sewer taxes for the year 1931, in the sum of Two Hundred Twenty Dollars, together with penalties, attorney fees and costs. Plaintiff alleged that the tax was levied by the Board of Supervisors "for the purpose of paying expenses incurred and to be incurred in organizing the District, in making survey," assessing benefits and damages and in paying other expenses; and that the tax had been designated "Uniform Tax for Preliminary Expenses for the year 1931." A delinquent sewer tax bill, issued by the collector, was attached to the petition. Plaintiff prayed to have the judgment declared a first and prior lien on the described real estate, subject only to taxes due the State of Missouri.

Summons was issued for defendant to the sheriff of St. Louis County on October 24, 1932, and on January 9, 1933, the summons was returned non est. Thereafter, on April 29, 1933, the cause was continued by the court to the next term and, thereafter, from term to term until the January term, 1945.

On September 23, 1946, the named defendant and her husband appeared specially and filed a motion to dismiss. The motion alleged the facts with reference to the institution of the suit and the issuance of the summons, stated that no service had ever been had, that no renewed summons or other action had been taken by the plaintiff, that the five year statute of limitation had operated to terminate the action, that the pending proceeding constituted a cloud on defendant's title, and then prayed that the action be dismissed. On October 11, 1946, testimony was heard on the motion, including evidence of the record facts as stated. The motion to dismiss was sustained and the cause dismissed.

Thereafter, on October 18, 1946, A. Evan Hughes, Sewer Liquidator of St. Louis County entered his appearance as substitute plaintiff and filed a motion for a new trial. The motion was overruled and the substitute plaintiff appealed to this court.

Error is assigned on the court's action "in sustaining the defendant's plea of the statutes of limitation" and "in dismissing plaintiff's cause of action." It is contended that the continuances kept the case

alive; that the burden of proof was on defendant to show that there had been a discontinuance in consequence of failure to have the writ issued in due time; that the cause being undisposed of at the end of each term was continued by operation of law and by order of court; that the filing of the petition commenced the action and arrested the statute of limitations; that it was unnecessary to sue out successive writs of summons at intervals; that service by publication was not necessary; that the statute of limitations to be available as a defense must be pleaded; that the burden of establishing the defense of limitations was on defendant; that no evidence was offered to show that defendant could have been found and the writ served upon her; and that no negligence of plaintiff in securing service of process was shown.

We must first determine whether this court has jurisdiction of this appeal. Both appellant and respondent insist that this court has jurisdiction because the sewer district is a public corporation. Section 15, Art. X of the Constitution of Missouri, 1945, is cited. Appellants further contend that "the construction of the revenue laws of this state" is involved because the Board of Supervisors of the Sewer District had the power to levy and collect taxes under Secs. 11032, 11037 and 11044 R. S. 1929. These sections were subsequently repealed, but with a saving clause relating to payment of costs, obligations and liabilities. Laws 1931, p. 355.

▉ Whether or not this court has jurisdiction of this appeal must be determined by reference to Sec. 3, Art. V, Constitution of Missouri, 1945. This section includes within the jurisdiction of this court cases where "the construction of the revenue laws of this state" is involved and "all civil cases where the state or any county or other political subdivision of the state . . . is a party."

The record fails to show that the construction of any "revenue laws of this state" is involved. The collection of the delinquent sewer tax does not involve "the construction of the revenue laws of this state." In discussing Art. VI, Sec. 12 of the Constitution of Missouri, 1875, in the case of State ex rel. Broughton v. Oliver, 273 Mo. 537, 201 S. W. 868, 870, this court said: "When the Constitution speaks of the 'revenue laws of this state,' as it does in Sec. 12 of Art. VI, supra, it has reference to that body of laws by which funds for public governmental purposes are raised."

Cases involving the collection of sewer taxes under the "special assessment laws" were not included within the jurisdiction of this court by Sec. 12, Art. VI of the Constitution of Missouri, 1875. State ex rel. Broughton v. Oliver, supra; Normandy Consol. School Dist. of St. Louis County v. Wellston Sewer Dist. of St. Louis County (Mo. Sup.), 74 S. W. (2d) 621. This case involving, as it does, the "Uniform Tax for the Preliminary Expenses for the year 1931," levied by the sewer district under the provisions of Chapter 65, R. S. 1929,

relating to sewer districts in certain counties, does not involved "the construction of the revenue laws of this state" within the meaning of those words as used in Sec. 3, Art. V of the Constitution of Missouri, 1945.

Nor does this court have jurisdiction of this appeal by reason of the fact that The St. Ferdinand Sewer District of St. Louis County, Missouri, is a public corporation. Section 15, Art. X, Constitution of Missouri, 1945, gives a wide definition of the term "other political subdivision," but expressly limits that definition to those words "as used in this article," which is Art. X of the Constitution.

Section 12, Art. VI of the Constitution of Missouri, 1875, with reference to the jurisdiction of the Supreme Court, contained the words "in cases where a county or other political subdivision of the state . . . is a party." The words "county or other political subdivision of the state" are identical with Sec. 3, Art. V of the Constitution of Missouri, 1945. The quoted words from the Constitution of 1875 had been construed, as early as July 15, 1911, as follows: "We are of the opinion that the words, 'other political subdivisions of the State,' as used in Section 12, Article 6, following as they do, the word 'county,' mean such political subdivisions as may be created having powers similar to those of a county, and do not refer to townships, schools districts, levee districts, drainage districts, and such like minor political subdivisions of the State." Wilson v. King's Lake Drainage & Levee Dist., 237 Mo. 39, 48, 139 S. W. 136. This court has held that a sewer district is not a "political subdivision of the state" within the meaning of Sec. 12, Art. VI of the Constitution of Missouri, 1875, so as to give this court jurisdiction. Normandy Consol. School Dist. of St. Louis County v. Wellston Sewer Dist. of St. Louis County.

It is interesting to note that Richard S. Righter, Chairman of Committee No. 5, Judicial Department, of the Constitutional Convention Committees, 1943-1944, in reporting what is now Sec. 3, Art. V to the Constitutional Convention on May 24, 1944, and in moving its adoption by the Convention, did not consider that the new section made any substantial change in this court's jurisdiction. Immediately following the reading of Sec. 3, Mr. Righter stated to the Convention as follows: "Mr. President, Section 3 also makes no substantial change of (sic) respecting the present jurisdiction of the Supreme Court. It embodies part of Sec. 2 of the present constitution, part of Sec. 12 and part of Sec. 5 of the amendment of 1890." See, p. 2572, Transcript of Debates, 1943-1944, Constitutional Convention, 148th day, Wednesday, May 24, 1944. It is apparent from the records of the Constitutional Convention that no substantial change in this court's jurisdiction was contemplated.

We hold that the mere fact that The St. Ferdinand Sewer District of St. Louis County, a public corporation, is a party to the suit is not alone sufficient to give this court jurisdiction. Wilson v. King's

Lake Drainage & Levee District, supra; State ex rel. Broughton v. Oliver, supra; Normandy Consol. School Dist. of St. Louis County v. Wellston Sewer Dist. of St. Louis County, supra. See, also, Superior Press Brick Co. v. City of St. Louis (Mo. Sup.), 152 S. W. (2d) 178, 179; Lovins v. City of St. Louis, 336 Mo. 1194, 84 S. W. (2d) 127; Harrison & Mercer County Drainage Dist. v. Trail Creek Tp., 317 Mo. 933, 297 S. W. 1 (a township of a county having township organization).

 Plaintiff only sought a lien on the real estate described and alleged ownership to be in the defendant. Title to real estate is not involved. City of Marshfield ex rel. to Use of Hasten v. Brown, 337 Mo. 1136, 88 S. W. (2d) 339, 341; Rust Sash and Door Co. v. Gate City Bldg. Corp., 342 Mo. 206, 114 S. W. (2d) 1023, 1025.

This court being without appellate jurisdiction, the case must be transferred to the St. Louis Court of Appeals. It is so ordered. *Bradley* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.