**E. B. JONES MOTOR COMPANY, a Corporation, Appellant,**

v.

**INDUSTRIAL COMMISSION of Missouri, DIVISION OF EMPLOYMENT SECURITY, Respondents.**

Nos. 45377–45379.

Supreme Court of Missouri,

Division No. 2.

Feb. 11, 1957.

Lowenhaupt, Mattingly, Chasnoff, Freeman & Holland and Richard D. Fitzgibbon, Jr., St. Louis, for appellant.

George Schwartz, Jefferson, for respondent Division of Employment Security.

STORCKMAN, Judge.

Separate petitions for judicial review of three administrative decisions of the Division of Employment Security of the Industrial Commission of the State of Missouri were filed in the Circuit Court of Cole County on February 12, 1955. A hearing was held and the trial court entered its order affirming the decision in each of the cases. In due course the plaintiff appealed to this court. The three appeals, pursuant to stipulation, have been consolidated for purposes of hearing in this court.

Two of the cases here involved originated in separate administrative determinations by the Division of Employment Security that E. B. Jones Bargain Center, Inc., and E. B. Jones Used Car Arena, Inc., became liable as employers subject to the Missouri Employment Security Law, the former on October 1, 1950, and the latter on January 1, 1948. It was further determined that the contribution rate applicable to each of the companies was 2.7%. The third case originated as a claim for unemployment compensation by a former employee of the E. B. Jones Used Car Arena, Inc. Its outcome was dependent upon the final result in the coverage case.

The status of E. B. Jones Motor Company as an employer under the terms of the Missouri Employment Security Law during the time in question, was admitted. All three of these companies were corporations at the beginning of the proceedings, but on June 22, 1954, the E. B. Jones Bargain Center, Inc. and the E. B. Jones Used Car Arena, Inc., were merged into the E. B. Jones Motor Company. The plaintiff will sometimes be referred to as the Motor Company, the E. B. Jones Bargain Center as the Bargain Center, and the E. B. Jones Used Car Arena as the Used Car Arena.

Appeals were taken from the administrative determinations and a joint hearing of these appeals was held before an Appeals Tribunal of the Division of Employment Security on November 3, 1954. Certain stipulations were made, including one with respect to the stock ownership of the Motor Company, the Bargain Center and the Used Car Arena. Oral evidence was heard on the issue of the employment experience of the Used Car Arena, and particularly with respect to whether certain compensated officers should be included as employees.

The Appeals Referee found that while the Bargain Center alone never had had the requisite number of employees for periods of time required, that the Motor Company owned or controlled the Bargain Center directly or indirectly, by legally enforceable means, and that the two employing units together had eight or more persons in employment for some portion of each day in each of 20 different calendar weeks during 1950 and in each calendar week thereafter. The Appeals Referee held that Bargain Center "was an employer subject to the Missouri Employment Security Law for the calendar year 1950 and that it has continued to be such an employer for each year thereafter." He further held, however, that Bargain Center was not entitled to the contribution rate of Motor Company, which was lower than the rate of 2.7% determined to be applicable to the Bargain Center.

The Appeals Referee decided against Used Car Arena on the issue of whether the compensated officers were employees within the meaning of the law and held that Used Car Arena "was an employer subject to the Missouri Employment Security Law for the calendar year 1949, and that it has continued to be such an employer for each year thereafter." From this finding and holding it followed that the claimant Raymond Fernandez was an insured employee. On December 10, 1954, the Appeals Referee affirmed the Division's administrative determination in all three cases.

On February 4, 1955, the Industrial Commission denied an application for review in each of the cases, stating: "After having examined the whole record, the Commission holds that the findings of fact of the Appeals Tribunal are supported by competent and substantial evidence and that the decision of the Appeals Tribunal was made in accordance with the Law." Thereafter judicial review was sought in the Circuit Court of Cole County which resulted in the appeals to this court.

Appellant's principal contentions on this appeal are that there was no evidence upon which to base the conclusion that the Used Car Arena was an employer within the meaning of the act and that, in any event, it and the Bargain Center were entitled to the same rate for contributions as the Motor Company. However, we must first determine our jurisdiction.

The appellant's jurisdictional statement in its entirety is as follows: "This Court has jurisdiction of this appeal by virtue of Article 5, Section 2, of the Constitution of the State of Missouri, since the appeal involves, (a) the construction of a revenue law of the State of Missouri, i. e., Section [Chapter] 288, V.A.M.S. '49, (b) construction of Article 10, Section 1 and 2 of the Constitution of the State of Missouri, (c) a state official is a party to the action." No cases are cited. The reference in the statement to § 2 of Article V was

doubtless inadvertent and should have been § 3.

■ Two of the grounds urged may be readily disposed of. The defendant, Industrial Commission of Missouri, is an entity subject to being sued in its official name. Section 286.060. The Industrial Commission is not a "state officer" within the meaning of the constitutional provision, Article V, § 3, V.A.M.S., giving the supreme court appellate jurisdiction of a case in which a state officer is a party. Parker v. Unemployment Compensation Commission, 358 Mo. 365, 214 S.W.2d 529, 534 [8]; Howell v. Division of Employment Security, 358 Mo. 459, 215 S.W.2d 467, 470 [2].

■ Nor can we sustain our jurisdiction on the ground that the construction of state revenue laws is involved; it has been held that the Employment Security Law, formerly the Unemployment Compensation Law, is not a revenue law in the constitutional sense. Howell v. Division of Employment Security, supra, 215 S.W.2d loc. cit. 472–473. See also St. Ferdinand Sewer District of St. Louis County v. Turner, 356 Mo. 804, 203 S.W.2d 731, 732 [1].

Appellant's other contention in support of our jurisdiction is that a construction of the constitution of the State of Missouri is involved. Appellant's assignment of error, Point II, upon which this contention must depend, omitting the authorities, reads as follows: "The effect of the ruling of the Circuit Court of Cole County is to lodge in the Director of the Division of Employment Security the power to levy a tax and determine a rate in his discretion, which power is expressly reserved to the Legislature under Article 10, Sections 1 and 2, of the Missouri Constitution." In its argument under this point the appellant states that "if point I [relating to contribution rates] is decided in Appellant's favor, point II [relating to constitutional provisions] becomes a moot question," and, further: "The only delegation to be found

in the Missouri Employment Security Law is the delegation of power to the Division to determine liability only under the Act and that power is set forth in Section 288.-030. There is no delegation by the Legislature under this section to the Director of the Division to assess rates as the rates of tax are provided in other sections of that chapter." Thus it is made clear that appellant is not seeking a construction of a constitutional provision, but is complaining about its application.

■ Davidson v. Hartford Life Ins. Co., 151 Mo.App. 561, 132 S.W. 291, 293, properly states: "It is obvious that the mere invoking a provision of the Constitution by a party does not necessarily demand its construction."

■ The provision of § 3, Article V, here in question, is that "the supreme court shall have exclusive appellate jurisdiction in all cases involving the construction of the Constitution of the United States or of this state." In Dorrance v. Dorrance, 242 Mo. 625, 148 S.W. 94, 98, this court stated: "Construction is a broad term and perhaps as instructive a definition as could be stated is quoted from Abbott in Webster's International Dictionary as follows: 'Strictly, the term [construction] signifies determining the meaning and proper effect of language by a consideration of the subject-matter and attendant circumstances in connection with the words employed.' " It is only when constitutional provisions are not clear that resort must be had to construction. 16 C.J.S., Constitutional Law, § 12(6), p. 65; 11 Am.Jur. 678, Constitutional Law, § 64(10, 11). The question presented does not call upon the court to determine "the meaning and proper effect" of §§ 1 and 2 of Article X.

■ When the constitutionality of a statute is questioned, it must be done directly and unequivocally. Phillips Pipe Line Co. v. Brandstetter, 363 Mo. 904, 254 S.W.2d 636, 637 [4]; Cotton v. Iowa Mutual Liability Ins. Co., 363 Mo. 400, 251

S.W.2d 246, 250 [7]. That has not been done.

We conclude that a construction of §§ 1 and 2 of Article X of the constitution is not involved but, at most, only the application of those constitutional provisions. In this situation appellate jurisdiction is vested in the courts of appeals and not in the supreme court. Nelson v. Watkinson, Mo., 260 S.W.2d 1, 2 [2, 3]; McClard v. Morrison, Mo.App., 281 S.W.2d 592, 594 [4]; McClard v. Morrison, Mo., 273 S.W.2d 225, 228 [3].

It is therefore ordered that the cause be transferred to the Kansas City Court of Appeals.

EAGER, P. J., and A. P. STONE, Jr., Special Judge, concur.

LEEDY, J., not sitting.