**Alfred R. CONNER et ux., Appellants,**

v.

**James HERD et al., Respondents.**

**No. 54001.**

Supreme Court of Missouri,
Division No. 1.

June 9, 1969.

Harold S. Cook, D. Jeff. Lance, Attys., St. Louis, for appellants, Cook, Murphy, Lance & Mayer, St. Louis, of counsel.

Joseph B. Moore, St. Louis County Counselor, Thomas W. Wehrle, Deputy County Counselor, Harvey J. Schramm, Asst. County Counselor, Clayton, for respondents, T. Douglas Moore, Clayton, Legal Counsel for Moline Fire Protection District and Its Board of Directors.

JAMES A. MOORE, Special Judge.

This appeal was transferred to this court by the St. Louis Court of Appeals. The Court of Appeals determined sua sponte that the appeal is within the exclusive jurisdiction of this court under Article V, Section 3, of the Constitution of Missouri, V.A.M.S., by reason of the fact that one of the defendants-respondents is the Moline Fire Protection District, a corporation. Conner v. Herd, Mo.App., 429 S.W.2d 333.

The judicial article of our constitution vests exclusive appellate jurisdiction in this court "in all civil cases where the state or any county or other political subdivision of the state or any state officer as such is a party." The question then to be resolved is whether a fire protection district organized under Sections 321.010–321.470, V.A.M.S. (RSMo 1959, as amended, Laws 1965, p. 509, Sec. 1) is a political subdivision within the constitutional sense for purposes of appellate jurisdiction. The question is strictly a judicial one under the doctrine of separation of powers as enunciated in Article II of our constitution.

At first blush it would appear that the designation by the legislature in the Fire Protection District Act and especially Sections 321.010 and 321.100 V.A.M.S., might be persuasive for this purpose. However, to so hold would be directly contradictory to many earlier decisions of this Court. In Lakewood Park Cemetery Association v. Metropolitan St. Louis Sewer District, Mo.App., 396 S.W.2d 744, Judge Clemens thoroughly digested the various lines of cases and their history. Upon the basis of

the cases cited and particularly Harrison and Mercer County Drainage District v. Trail Creek Township, 317 Mo. 933, 297 S.W. 1, the Lakewood case was transferred to this court. Unfortunately for our present purposes the appeal was dismissed and the present question was not reached. (Case No. 51,870, dismissed as premature May 6, 1966.)

It is not necessary for the purposes of the present decision to review collaterally the result reached in the Lakewood case. We approve the rationale of the opinion and distinguish the facts. The constitutional provisions authorizing a metropolitan district for the functional administration of services common to the area and making the plan therefor "the organic law of the territory," superseding "all laws, charter provisions and ordinances inconsistent therewith," (Constitution, Article VI, Sections 30[a] and 30[b]), are distinguishable from the less ambitious statutory provisions involved in the instant case.

Many public bodies legislatively designated political subdivisions have been held in the past not to be such political subdivisions for the purposes of appellate jurisdiction. For example, in Wheat v. Platte City Benefit Assessment Special Road District, 330 Mo. 1245, 52 S.W.2d 856, we held that a special road district was not a political subdivision. The district was organized under a statute essentially identical to Section 233.175 V.A.M.S., designating such district "a political subdivision of the state for governmental purposes."

In Wilson v. King's Lake Drainage and Levee District, 237 Mo. 39, 139 S.W. 136, we held that a drainage district was not to be considered a political subdivision of the state in the jurisdictional sense. The statute then before the Court however did not in terms state that such district was a political subdivision but only "a body corporate." When the statute was amended in 1919, this portion was changed to read "a body corporate and a political subdivision of the state." (Laws 1919, 294.) Subse-

quent to the amendment we adhered to the same view in Chilton v. Drainage District No. 8, 332 Mo. 1173, 61 S.W.2d 744. The same view was expressed again in Drainage District No. 28 of New Madrid County v. Drainage District No. 23 of Stoddard County, Mo., 144 S.W.2d 61.

It was likewise held that neither a school district nor a sewer district was a political subdivision within the meaning of the constitution for jurisdictional purposes in Normandy Consolidated School District of St. Louis County v. Wellston Sewer District, Mo., 74 S.W.2d 621.

The constitution itself makes other references to political subdivisions, e.g., Article X, Section 15. These do not change the meaning of the judicial article. St. Ferdinand Sewer District of St. Louis County v. Turner, 356 Mo. 804, 203 S.W.2d 731.

It is apparent from the language of the judicial article that there may exist political subdivisions of the state other than counties. Judicial decision has made clear that organized townships are such.

To go beyond the county and organized township in search of a political subdivision within the limited sense for purposes of appellate jurisdiction is to start on a perilous journey. In Lakewood Park Cemetery Association the limited conclusion reached was that the extensive powers exercised by the Metropolitan St. Louis Sewer District were more closely analogous to the powers of an organized political township than to various districts which have been held not to be political subdivisions. We do not propose to extend the jurisdiction of this court beyond that required by a reasonable and consistent interpretation of the constitutional mandate. In harmony with our previous decisions as to road districts, levee districts, and the like, we rule that respondent fire protection district is not a political subdivision for jurisdictional purposes.

Accordingly this cause should be returned to the St. Louis Court of Appeals for disposition upon the merits. It is so ordered.

HENLEY, P. J., and SEILER, J., concur.

STORCKMAN, J., not sitting.