THE STATE *ex rel.* WARFIELD, *Prosecuting Attorney, Appellant,* v. MATTHEWS.

1. **Legislature, Power of:** CHANGE OF SCHEME. The legislature could change the tenure of office as fixed by the scheme for the separation of the city and county of St. Louis.

2. **Offices and Officers:** TERMS OF CLERKS OF COURTS. The act of April 28, 1877 (Laws, p. 192), was designed to bring about a uniformity in the terms of office of clerks of courts, and the time at which they should be elected, and it applies to the clerk of the county court of St. Louis county.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

, *John R. Warfield,* Prosecuting Attorney, and *John W. McElhinney* for appellant.

(1)  The office in question is a two-year office. Scheme and Charter, sec. 3; 2 R. S., p. 1562. The scheme became the organic law of the city and county, upon its adoption. Const. 1875, art. 9, sec. 20. It was adopted and went into effect on October 22, 1876. *State v. Mason,* 4 Mo. App. 377.  (2)  The provision of the scheme fixing the term of this office at two years was not repealed or superseded by the act of the legislature, approved April 28, 1877, by which it was sought to make the term of all clerks of courts of record (with certain important exceptions) four years.  Laws, 1877, p. 192; R. S., sec. 614.  It is reasonable to presume that the legislature, in the passing of this act, had, at least, in view, the special provision of the scheme above referred to (and which was then in full force) when they say:  "Except as otherwise provided by law." This exception does not apply to the "unexpired elective clerkships" existing at the time of the passage of the act, nor to probate clerks.  Const. 1865, art. 6, sec. 22. (3)  If the provision of the scheme is to have any effect at all, it must be conceded that it has the effect at least of a special act.  And it is a well-established principle that, as between two conflicting and irreconcilable provisions of the statute, the general law must yield to the particular provision.  Sedgwick on Con. of Stat. and Const. Laws, 97, 98, 104, 105, 106; *State v. Clark,* 54 Mo. 17; *State v. De Barr,* 54 Mo. 395.  This act of 1877 is not only a general law, but it does not even pretend to prescribe the only rule that should govern in the cases provided for, but especially excepts those "otherwise provided for by law."

*Zach. J. Mitchell* for respondent.

In support of respondent's position, that said office was one of four years' tenure under the provisions of

said section 614, General Statutes of Missouri, the following authorities are cited : *State ex rel. v. Walsh*, 69 Mo. 413 ; Const. of Mo., secs. 24, 25, art. 9 ; R. S. 1879, sec. 614, being act of April 28, 1877 ; Laws 1877, p. 192 ; *State ex rel. v. Mason*, 4 Mo. App. 377 ; Scheme, sec. 3 ; R. S. Mo. p. 1562; *Conners v. Railroad*, 59 Mo. 285 ; *State v. Bogardus*, 4 Mo. App. 215; *Neenan v. Smith*, 50 Mo. 525; *Spelter v. Young*, 63 Mo. 42 ; *State v. Diveling*, 66 Mo. 375 ; Const. of Mo., secs. 34, 35, and 39, art. 6 ; R. S. sec, 1179; *Railroad v. Railroad*, 2 Mo. App. 69.

BLACK, J.—Prior to November, 1884, there was a vacancy in the office of county clerk of St. Louis county, by reason of the fact that E. L. Dusenbach, the then clerk, ceased to be a resident of that county.    The relator, John B. Breier, was elected to the office at the general election in November, 1884.    The Governor refused to give him a commission, but appointed the respondent, John J. Matthews, to fill the vacancy, the commission running until the general election in 1886. This was an information in the nature of *quo warranto* to test the right of the respondent to hold the office under the appointment made by the Governor.

The question is, whether the term of the officer elected in November, 1882, whose term began January 1, 1883, was for two or for four years ; if for four years, then the right of the Governor to fill the vacancy is not questioned.    The third section of the scheme for the separation of the city and county of St. Louis, which became a law in October, 1876, provides that, at the general election in November, 1876, and every two years thereafter, there shall be elected for St. Louis county, a clerk of the county court.    If this section of the scheme remained the law, then the relator was properly elected, and the respondent was appointed by the Governor without authority of law.    The act of April 28, 1877,

(Acts of 1877, p. 192), is as follows: "At the general election in the year one thousand, eight hundred and seventy-eight, and every four years thereafter, except as hereinafter provided, the clerks of all courts of record, except the Supreme Court, the St. Louis Court of Appeals, and except as otherwise provided by law, shall be elected, * * * and shall enter upon the discharge of their duties on the first Monday in January next ensuing their election," etc.

That the legislature could change the tenure of the office, as fixed by the scheme, there can be no doubt. Prior to 1875, there existed throughout the state various special courts designated by different names, without uniformity of jurisdiction, and the county courts were not uniform in their organization. The constitution of 1875 established a uniform system of courts throughout the state, retaining a few only of the common pleas courts. By the third section of the schedule, probate and county courts were continued as they then existed, until the General Assembly should conform them to the requirements of the constitution. Now the act of 1877 was designed to bring about a uniformity in the terms of office of clerks, and the times at which they should be elected; and we entertain no doubt but that the act applies to the clerk of the county court of St. Louis county.

The relator places great stress upon the words, "except as otherwise provided by law," and insists that the office of clerk of St. Louis county was otherwise provided for by law. By thus sticking in the bark of the act, it amounts to nothing at all, for it would leave the terms of office of all clerks just as they were before. The legislature at the same session provided for the appointment of probate clerks (Acts of 1877, p. 230), and it may be these clerks to which the exception was intended to apply, or it may be to the clerks of the few common pleas courts, retained by

.the fifth section of the schedule.   Be this as it may, the constitution dictates a uniformity in the organization of the courts, and the act was .designed to bring about that result.

The judgment, which was for the respondent, is affirmed.   Ray, J., absent.   The other judges concur.