MAYME CURTIN v. ZERBST PHARMACAL COMPANY and UNITED STATES FIDELITY & GUARANTY COMPANY, Appellants.—62 S. W. (2d) 771.

Division One, August 3, 1933.

*Culver & Phillip* for appellants.

*Mytton, Parkinson & Norris* for respondent.

HYDE, C.—This is an appeal by respondent's employer and insurer from the judgment of the Circuit Court of Buchanan County sustaining an award of the Workmen's Compensation Commission allowing respondent $10.67 per week for forty-six weeks for temporary total disability and $676.53 for medical and hospital treatment. As to the contentions here made, appellants say:

"Neither appellant questions the propriety of the award of $10.67 per week for 46 weeks for disability. The complainant is with respect to the award of $676.53 for medical aid, and the appeal presents three questions:

"(1) Is the amount of the *employer's* liability limited to $250?

"(2) Even though the employer is liable for $676.53, is the insurer liable for more than $250?

"(3) Can the award be permitted to stand without invading the constitutional rights of either appellant?"

Respondent paid and was allowed by the commission's award more than two hundred and fifty dollars for medical and hospital treatment for the first sixty days after her injury and also paid and was allowed by the award an additional amount for such treatment after that time, without any special order therefor ever having been made by the commission. The conclusions of law of the commission were that *it could make these allowances against both the employer and the insurer if acts of the employer were shown which amounted to a waiver of the* limitations and requirements of the statute and it found that there was such a waiver. The first subsection of the statute (Sec. 3311, R. S. 1929), the one applicable here, is as follows:

"(a) In addition to all other compensation, the employee shall receive and *the employer shall provide such medical, surgical and hospital treatment,* including nursing, ambulance and medicines, as may reasonably be required *for the first sixty days* after the injury or disability, to cure and relieve from the effects of the injury, *not exceeding in amount the sum of two hundred and fifty dollars,* and thereafter such additional similar treatment within one year from the date of the injury as the commission by special order may determine to be necessary. If the employee desires, he shall have the right to select his own physician, surgeon, or other such requirement at his own expense. Where such requirements are furnished by a public hospital or other institution, payment therefore shall be made to the proper authorities."

We may note in passing that this section has been amended to provide for more liberal allowances for medical and hospital treatment. [Laws 1931, page 381.] Evidently experience showed the original allowances to be too often inadequate for the proper care of injured employees.

The amount involved does not give us jurisdiction but appellants contend there is a constitutional question involved which does give this court jurisdiction. This contention is set up by declaration of law No. 16, which appellants asked and the trial court refused to give, as follows:

"The court declares the law to be that the limit of the liability of the insurer under its policy and contract of insurance for medical and/or surgical aid required by and given to the employee for the

first sixty days after her injury or disability is $250 without a special order of the Commission determining that similar treatment shall be provided by the employer for an additional period; and Section 3311, Revised Statutes Missouri, 1929, *if authorizing the employer to waive such limitation or liability so as to bind the insurer without its knowledge or consent is violative of Amendment V of the Constitution of the United States and of Section 1 of Article XIV of the Amendments to the Constitution of the United States in that it deprives the insurer of its property without due process of law.*"

Appellants' argument concerning this matter is as follows:

"Our position is, . . . that if the employee is entitled to recover the amount expended by her for hospital and medical treatment in excess of $250, it is by reason of the fact that she is entitled to be reimbursed for expenses incurred by her *as the result of an express or implied contract*—that is, by reason of an obligation *not* created by the statute, but by a *waiver* of the statute; and that *if Section 3311, Revised Statutes Missouri, 1929, authorizes the Commission to make such an award upon an implied contract* (not one created by the statute), . . . the section confers judicial powers upon the Commission, and the award is the result of the exercise of judicial powers by it. *If that be true,* then the act is unconstitutional. . . .

"If the employee has any right to have the insurer reimburse her for moneys expended for medical, surgical and hospital treatment, *not provided by the statute,* she must resort to the courts and not to the Workmen's Compensation Commission for redress. And *if the statute authorizes the Workmen's Compensation Commission to grant the relief,* which can be done only by the exercise of the judicial power, it is violative of Section 1 of Article XIV of the Amendments to the Federal Constitution, because, to allow a tribunal *without authority* to adjudicate the rights of a person, is to deprive that person of the right to be heard before a tribunal *authorized* to decide, and the deprivation of that right deprives that person of his property without due process of law." (All italics ours.)

██ ██ Respondent says that this contention does not raise a constitutional question which gives this court jurisdiction and respondent is right. Appellants' contention only amounts to a claim that the statute does not authorize the commission to do what it did, namely: Allow more than two hundred and fifty dollars for "medical, surgical and hospital treatment, including nursing, ambulance and medicines" for the first sixty days and allow an additional amount for treatment thereafter provided, without such treatment having been first found necessary by a special order of the commission. In short, appellants contend, not that the statute is unconstitutional, but that the commission and the Circuit Court of Buchanan County were wrong in their construction of it. This court

has many times held that a contention that a certain construction of a statute *if accepted by a court* would result in a rule which would violate a constitutional provision *if the statute had so provided* does not involve "the construction of the Constitution of the United States or of this State" within the meaning of Section 12 of Article VI of our Constitution, which is necessary to give this court jurisdiction; but that the only challenge of unconstitutionality of a statute which does involve such a question is the claim that the statute is inherently and totally invalid in any event. [Corbett v. Lincoln Savings & Loan Assn. (Mo.), 4 S. W. (2d) 824; Service Purchasing Co. v. Brennan (Mo. Sup.), 32 S. W. (2d) 81; Nickell v. K. C., St. L. & C. Railroad Co., 326 Mo. 338, 32 S. W. (2d) 79; Wheat v. Platte City Benefit Special Road Dist., 330 Mo. 1245, 52 S. W. (2d) 856; Woodling v. Westport Hotel Operating Co., 331 Mo. 812, 55 S. W. (2d) 477; State ex rel. Walker v. Locust Creek Drainage Dist. (Mo.), 58 S. W. (2d) 452; Chilton v. Drainage Dist. No. 8 of Pemiscot Co., 332 Mo. 1173, 61 S. W. (2d) 744.] Even though we might think the commission and the circuit court erroneously decided the question of the authority of the commission under the statute, we have no right to presume that the Kansas City Court of Appeals would not decide it correctly, and since it is the tribunal directed by the Constitution to decide that question, we have no authority to determine it.

The cause is, therefore, transferred to the Kansas City Court of Appeals. *Ferguson* and *Sturgis, CC.,* concur.

PER CURIAM:—The foregoing opinion by Hyde, C., is adopted as the opinion of the court. All the judges concur.