STATE OF MISSOURI at the relation of WILLIAM VOLKER, JAMES M. KEMPER, ROBERT NELSON SPENCER and JOHN T. HARDING, Trustees, Relators, v. MAURICE CAREY, City Treasurer of Kansas City.—136 S. W. (2d) 324.

Court en Banc, January 22, 1940.

*Paul V. Barnett, James A. Moore, William S. Hogsett, Hale Houts* and *John B. Gage* for relators.

*Sam C. Blair, Marcy K. Brown, Jr.,* and *Wyman Wickersham* for respondent.

GANTT, J.—Original action in mandamus to compel the Treasurer of Kansas City to pay sixty-nine warrants issued by the Kansas City Election Commissioners to certain persons employed by the commis-

814

sion to assist in the registration of the voters of Kansas City under Laws of Missouri 1937, page 294. The commissioner, Hon. Wm. C. Lucas, reported findings of fact and conclusions of law and recommended that a peremptory writ be granted. On stipulation of the parties, Harry J. Gorman is substituted as respondent city treasurer for Maurice Carey, deceased.

The treasurer of Kansas City is a ministerial officer. Under the general rule he cannot question the constitutionality of a statute fixing his ministerial duties. However, it appears from the record that the fiscal agencies of the city directed him to refuse payment on presentation of the warrants. For this reason he is authorized to question the constitutionality of provisions of the act. [State ex rel. Wiles v. Williams, 232 Mo. 56, 71, 133 S. W. 1.]

Respondent city treasurer admits that the maintenance of an election board is a state function. Furthermore, we have ruled that the Legislature has authority to compel a city to provide for said maintenance. [State ex rel. v. Owsley, 122 Mo. 68, 26 S. W. 659; State ex rel. Lynn v. Board of Education, 141 Mo. 45, 41 S. W. 924; State ex rel. v. Mason, 153 Mo. 23, 54 S. W. 524.]

The commissioners were appointed on November 9, 1937. Under Section 3, page 297, Laws of Missouri 1937, they employed persons to assist in the registration. Under Section 89, page 339, Laws of Missouri, 1937, they fixed the compensation of said persons. Under Section 92, page 340, Laws of Missouri, 1937, they issued warrants on the city treasurer for one-half of the compensation due said persons and issued warrants on the county treasurer for one-half of the compensation due said persons. The city contended that the commission was without authority to issue the warrants, and the city treasurer refused to pay the same. The commission then certified the pay roll to the city, and it issued warrants to the employees of the commission for the months of November and December, 1937. The warrants were paid by the city treasurer. On certification of the pay roll for January, 1938, the city refused to consider the same, contending that the commission was without authority to fix the compensation of the employees of the commission. The city fixed $3.50 a day as a basis for compensation, and accordingly issued to each of said employees a warrant for $1.75 a day. The employees accepted payment under protest.

The commission had agreed to pay to each of said employees more than $3.50 a day, but not more than $6 a day, the maximum allowed under the statute. In this situation the commission determined the balance due said employees and issued to each a warrant on the city treasurer for one-half said amount. The city treasurer refused to pay the warrants. Thereafter the employees assigned the warrants to relators, who also presented them to the city treasurer and payment was refused. Thereupon relators instituted this action.

■ I. Respondent contends that certain sections of the Registration Act are unconstitutional. In the return to the alternative writ he made an effort to question the constitutionality of said sections. He therein alleged that if Sections 3, 4, 89, 90 and 92 of the act be given certain constructions (set forth in the return) they are unconstitutional. The said allegations in the return are admissions that said sections could be otherwise construed. If so, they may be constitutional. In other words, the record does not present a constitutional question for the reason the respondent does not challenge said sections as unconstitutional. The rule is stated as follows:

"To raise that question (a constitutional question), the contention must be that the law is unconstitutional whatever it means and under any construction of which it is susceptible. 'The only challenge of unconstitutionality of a statute which does involve such a question is the claim that the statute is inherently and totally invalid in any event' " (Moyer et ux. v. Orek Coal Co., 78 S. W. (2d) 107, 1. c. 108; Curtin v. Zerbst Pharmacal Co., 333 Mo. 346, 62 S. W. (2d) 771, 772; Langan v. United States Life Ins. Co., 344 Mo. 989, 114 S. W. (2d) 984).

■ II. Respondent also contends that Section 92 of the Registration Act is invalid. He argues that it conflicts with the city charter, which makes provision for the payment of claims against the city. If so, the provisions of the charter must yield to the Constitution and laws of the State. The rule is well stated as follows:

"When the ordinances or charter provisions are or become in conflict with prior or subsequent state statutes, such ordinances or charter provisions are or become, void, and must yield to the higher law." [State ex rel. v. Stobie, 92 S. W. 191, 200, 194 Mo. 14; St. Louis v. Meyer, 185 Mo. 583, 84 S. W. 914; State ex rel. v. Police Comrs., 184 Mo. 109, 71 S. W. 215; Badgley v. St. Louis, 149 Mo. 122; 50 S. W. 817; Ford v. Kansas City, 181 Mo. 137, 79 S. W. 923; State ex rel. v. Railway, 117 Mo. 1, 11, 12, 22 S. W. 910; Ewing v. Hoblitzelle, 85 Mo. 64, 76; State ex rel. v. Bell, 119 Mo. 70, 75, 24 S. W. 765; State ex rel. v. Matthews, 94 Mo. 117, 7 S. W. 17; State ex rel. v. Jost, 265 Mo. 51, 175 S. W. 591; State ex rel. v. St. Louis, 318 Mo. 870, 2 S. W. (2d) 713.]

It is not contended in respondent's brief and was not contended on the oral argument that city funds were not available to pay the warrants in question.

It follows that a permanent writ should be granted. It is so ordered. Tipton, C. J., and Clark, Hays and Douglas, JJ., concur; Ellison, J., concurs in separate concurring opinion in which Leedy, J., concurs.

ELLISON, J. (concurring).—For the reasons stated in the Kirby case handed down concurrently herewith, I concur in the result of the principal opinion. Leedy, J., concurs.