Ernest **BARTHOLOMEW** and Etta Bartholomew, Appellants,

v.

**BOARD OF ZONING ADJUSTMENT** of Kansas City, Missouri; George Davidson, Commissioner of Buildings and Inspections of Kansas City, Missouri; and Kansas City, Missouri, a Municipal Corporation, Respondents.

No. 22692.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1957.

Marcy K. Brown, Jr., Kansas City, for plaintiffs-appellants.

Benjamin M. Powers, City Counselor, Guy W. Rice, Asst. City Counselor, Kansas City, for defendants-respondents.

MAUGHMER, Commissioner.

Plaintiffs appealed from the Circuit Court judgment, which affirmed a decision of the Board of Zoning Adjustment of Kansas City, Missouri. We shall first set forth the contents of the Board's finding. This controversy was initiated January 29, 1953, when the Commissioner of Buildings and Inspections served an order on plaintiffs to cease and desist the use of their residence property located at 217 East 37th Street, Kansas City, Missouri, in excess of two families and eight roomers. Plaintiffs appealed the cease and desist order to the Board of Zoning Adjustment, asserting that at the time a lawful nonconforming use was in existence. Concurrently with the appeal plaintiffs applied for modification of the order on the ground that its enforcement would work a financial hardship on them. The Board denied the application for modification and stated that to grant it would amount to rezoning. It affirmed the cease and desist order and stated there was no proof that a legal nonconforming use now existed. On certiorari the circuit court affirmed, and plaintiffs appealed to the Supreme Court. That court transferred here.

In their application for certiorari and in their briefs filed in this court plaintiffs seek to raise constitutional questions.

Plaintiffs do not question the general constitutionality of the zoning law. It is rather their position that under the facts here, they proved a lawful nonconforming use amounting to a vested right, which both constitutions will preserve. If the evidence discloses such proof this court will protect such right and defendants do not contend otherwise. Thus the constitutional questions presented are somewhat summarily disposed of—substantively, by these observations and jurisdictionally, by the action of the Supreme Court in transferring the case to us. The following cases give ample precedent support to the conclusions just expressed. Curtin v. Zerbst Pharmacal Co., 333 Mo. 346, 62 S.W.2d 771, 772; Veal v. Leimkuehler, Mo.App., 249 S.W.2d 491, 495; Superior Press Brick Co. v. City of St. Louis, Mo., 152 S.W.2d 178.

■ The evidence presented was short and simple. The plaintiffs were the only witnesses who testified before the Board. They were not acquainted with the property or its use prior to their purchase and occupancy in 1946, but based upon their *investigation* they thought the property had been used as a rooming house for 28 years. Some signed ex parte statements of like import were received. Mrs. Bartholomew, at the court hearing, asserted that they were not at that time (Sept. 14, 1955) in violation of the order since the third floor was vacant and there were only five roomers. The witnesses described the building as one of two and a half stories, built more than 40 years before, and they claimed ample parking space for 20 automobiles. This testimony also indicated that the yard area, height of the building, and the design were not in conformity with the zoning requirements for such a district. We pass this point by observing (1) this structure was erected before June 4, 1923, when the first zoning law was passed; (2) the Act clearly does not apply to existing structural departures and (3) legal nonconformity in one respect does not authorize noncompliance in other respects. See In re Botz, 236 Mo.App. 566, 159 S.W.2d 367, 372.

■ Exhibit D (Chapter 58, R.O. Kansas City, 1946) and Exhibit C (Chapter 58, R.O. Kansas City, as revised September, 1951), were received in evidence and, of course, our courts will judicially note all applicable provisions therein. It was conceded (plaintiffs' petition for certiorari) that plaintiffs' property was zoned under Section 58–5, R.O.1946, Kansas City, as an R–2 District for two family dwellings which, in part, provides under Use Regulations: 3: "Accessory uses customarily incident to the above uses and not involving the conduct of a business or industry, * * except that the furnishing of lodging and/or board for not more than four (4) persons in a dwelling unit occupied as a private residence will be permitted, provided no window or other display or sign is used to advertise such use". It is apparent that under the zoning ordinances from 1946 to the present, this structure was correctly determined to be authorized to house two families and eight roomers, but no more.

■■ It is urged that unless plaintiffs can in some way get this residence zoned as a rooming house, the third story will have to remain vacant and great financial hardship will result. If such an exception were granted to these petitioners, on the ground of hardship, other similar buildings in the same area would necessarily be entitled to the same consideration. This would, in effect, as the Board declared, amount to a rezoning. The Board has no authority to grant an exception to one and refuse others. In State ex rel. Nigro v. Kansas City, 325 Mo. 95, 27 S.W.2d 1030, 1032, the Supreme Court said: "But the board can in no case relieve from a substantial compliance with the ordinance; their administrative discretion is limited to the narrow compass of the statute; they cannot merely pick and choose as to the individuals of whom they will or will not require a strict compliance with the ordinance. State ex rel. Oliver Cadillac Co. v. Christopher, 317 Mo. 1179, 1196, 298 S.W.

720". See, also, Fairmont Inv. Co. v. Woermann, 357 Mo. 625, 210 S.W.2d 26, 30. The two cases just cited are also authority for holding that a Board of Zoning Adjustment is an administrative body without a vestige of legislative power. We believe it was without authority to exempt plaintiffs' building from the zoning restrictions imposed by ordinance, on the ground of financial hardship.

■ Respecting plaintiffs' assertion of nonconforming use, we believe that a short analysis of the factual evidence will enable us to determine this issue. The evidence which plaintiffs offered and which was received can be classified into two categories: *First,* there was the oral testimony of the plaintiffs. Both testified before the Board, but only Mrs. Bartholomew in the circuit court. Theirs was the only oral testimony offered. Of their own knowledge they knew nothing about the use before 1946. They asserted it was not in nonconforming use at the time of the circuit court hearing (five roomers in occupancy). They gave no affirmative testimony *of their own knowledge* of nonconforming use *at any time;* that is, that the building was occupied by more than two families and eight roomers. They gave no affirmative testimony of their own knowledge as to any facts that would have changed the use of the building from a two family dwelling into that of a rooming house, as defined by the zoning law. *Second,* these witnesses testified that based upon their *investigation* (presumably from interviews with long time area residents) it had been a rooming house for some 28 years. There was also received in evidence some signed, but unsworn, ex parte statements from various individuals which expressed the same general conclusions. All of this evidence was pure hearsay. It should not have been received. It will not be considered.

We quote from State ex rel. Horn v. Randall, Mo.App., 275 S.W.2d 758, 763–764: "It is equally well settled 'that hearsay evidence and conclusions based upon hearsay do not qualify as "competent and substantial evidence upon the whole record" essential to the validity of a final decision, finding, rule or order of an administrative officer or body under § 22, Art. V of the Missouri constitution of 1945 [V.A.M.S.]. The practically identical provision * * * of the Administrative Review Act, which implements said § 22 of the Constitution, calls for like reasoning and a like holding. * * * The fact that technical rules of evidence do not control has been considered to permit of leading questions and other informalities but not to abrogate the fundamental rules of evidence.' State ex rel. De Weese v. Morris, 359 Mo. 194, 221 S.W. 2d 206, 209. See also Dittmeier v. Missouri Real. Estate Comm., Mo.App., 237 S.W.2d 201, 206, which was a proceeding before an administrative tribunal, wherein the court said: 'This hearsay testimony is not "competent and substantial evidence" and could not provide the legal basis for a finding of fact by the commission' ".

■ The only "competent evidence" of nonconforming use was that which we have listed in the first category; that is, the testimony plaintiffs gave based on their own knowledge. The burden of proving by "competent and substantial evidence" the existence of a lawful nonconforming use, rested upon plaintiffs. As stated by the St. Louis Court of Appeals in Veal v. Leimkuehler, 249 S.W.2d loc. cit. 496, supra: "The permittee's defense was that * * * he had established a non-conforming use prior to the effective date of the ordinance and that the ordinance excepted non-conforming uses in existence prior to that date. The burden of proof rested on the permittee to establish such affirmative defense".

On this appeal, we, like the circuit court, have the duty and responsibility of review. Judicial review is provided for in Chapter 89, V.A.M.S. and by Section 58–27 R.O. Kansas City, 1946, as amended. As to the scope of that review we quote from two opinions: "The review of a decision of a

board of zoning appeals by the circuit court being purely statutory, the court's jurisdiction in such proceeding does not extend beyond that conferred by the statute. Looking to the statute it is apparent that the court is not vested with the power to supervise the discretion lodged with a board of zoning appeals; it is not authorized to entertain a hearing de novo and then make such order as in its opinion the board should have made. The court's authority is plainly limited to correcting illegality. If the court finds the order under review illegal, in whole or in part, it may reverse or affirm, wholly or partly, or may modify, the order, as may be necessary in order to correct the illegality". State ex rel. Nigro v. Kansas City, 325 Mo. 95, 27 S.W.2d loc. cit. 1033, supra.

"This narrow scope of review, however, must be read in the light of the minimum standard for review provided by Constitution of 1945, art. V, § 22, requiring that the review of all final decisions of any administrative body in which a hearing is required shall include the determination whether the same are 'supported by competent and substantial evidence upon the whole record.' Wood v. Wagner Elec. Corp., 355 Mo. 670, 197 S.W.2d 647. The circuit court may not substitute its own judgment on the evidence for that of the board, Wood v. Wagner Elec. Corp., supra; In re Botz, 236 Mo.App. 566, 159 S.W.2d 367, loc. cit. 373, but the circuit court is authorized to decide whether the board of adjustment reasonably could have made its findings and reached its result upon consideration of all of the evidence before it, and to set aside decisions clearly contrary to the overwhelming weight of the evidence. Mann v. Mann, Mo.App., 239 S.W.2d 543". Veal v. Leimkuehler, 249 S.W.2d 495–496, supra.

█ The Board, after hearing and weighing the evidence, found there was no lawful nonconforming use as a rooming house. The Circuit Court did not disturb such finding. We believe the conclusion reached by the Board on this issue was correct. Certainly we cannot hold it to be illegal nor say that it was not based upon competent and substantial evidence. In fact, an opposite finding, on the competent evidence in this record, would have rested largely on conjecture, and not on substantial evidence. Our conclusion upon this issue, we think, determines this appeal.

The judgment of the Circuit Court affirming the order of the Board of Zoning Adjustment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the court. The judgment of the Circuit Court affirming the order of the Board of Zoning Adjustment is affirmed.

All concur.