KANSAS CITY TERMINAL RAILWAY COMPANY, a Corporation, Respondent,

v.

KANSAS CITY TRANSIT, INC., a Corporation, Appellant,

City of Kansas City, Missouri, a Municipal Corporation, Defendant.

No. 47863.

Supreme Court of Missouri,

Division No. 1.

Nov. 14, 1960.

Powell C. Groner, Kansas City, Hale Houts, Hogsett, Houts, James, Randall & Hogsett, for defendant-appellant.

Sam D. Parker, William M. Stapleton, Kansas City (Lathrop, Righter, Gordon & Parker, Kansas City, of counsel), for plaintiff-respondent.

COIL, Commissioner.

Kansas City Terminal Railway Company, respondent here and plaintiff below, and hereinafter called "Terminal," brought a declaratory judgment action against Kansas City Transit, Inc., formerly named Kansas City Public Service Company and hereinafter called "Transit," and the City of Kansas City, in two counts. Count 1 sought, inter alia, a declaration that Transit was obligated by reason of certain Kansas City ordinances to pay Terminal one half the cost of the maintenance of certain viaducts, subways, and approaches thereto, for such time as Transit had operated or would operate buses thereon, and sought further a money judgment in the amount of $4,825.45, allegedly one half the cost of maintenance theretofore performed by Terminal on said viaducts and subways. Count 2 sought a declaration that a 1917 contract between Transit's predecessor and Terminal required Transit to pay Terminal one third of the maintenance cost on the viaducts, subways, and approaches mentioned in that contract, and sought further a money judgment for $1,887.49, allegedly one third the cost of maintenance theretofore performed by Terminal on such structures.

The trial court's judgment accorded Terminal the declaratory relief it sought and a money judgment against Transit for $5,613.30. The court also awarded Kansas City a money judgment on its counterclaim against Terminal for $5,884.22, but Terminal has not appealed and, consequently, the only dispute on this appeal is between Terminal and Transit.

■ Briefly described, and without any intention by such description to state all the facets which may affect the controversy between the parties, the essential dispute is whether under the ordinances and contract in question Transit was required to pay a portion of the maintenance cost of certain viaducts and subways and their approaches after it substituted buses and trolley buses for streetcars which it formerly ran on its tracks over said viaducts and through said subways. Terminal contended the liability continued, irrespective of the substitution, while Transit contended that the language of the instruments in question confined its liability to the period during which it operated streetcars.

Transit contends the amount in dispute is in excess of $7,500 and that, therefore, this court has jurisdiction. (The appeal was on September 9, 1959, prior to the effective date, January 1, 1960, of the amendment to Section 477.040, V.A.M.S. which increased the jurisdiction of the courts of appeals to $15,000.) Terminal contends that the amount in dispute does not exceed $7,500.

For the reasons indicated, we are of the view that the transcript does not affirmatively show that at the time of the appeal in this case there was in actual dispute, independent of all contingencies, an amount exceeding $7,500 exclusive of costs, and that, consequently, our jurisdiction not otherwise appearing and no other ground therefor being urged, this case must be transferred to a court of appeals. Snowbarger v. M. F. A. Central Cooperative, Mo., 317 S.W.2d 390, 393 [3, 4]; Holland v. City of St. Louis, Mo., 262 S.W.2d 1, 4 [5, 7].

■ It is apparent that the only monetary judgment in dispute is in the amount of $5,613.30. (There was interest thereon at six per cent from its date, but inasmuch as the appeal was taken on the same day the judgment was entered, interest had not increased the amount of the judgment at the time of the appeal.) Transit contends, however, that the test which should be applied in this declaratory judgment case to determine the amount in dispute (in addition to the judgment for $5,613.30) is the value in money of the relief to Terminal

or the loss to Transit should the relief be granted, or vice versa should the relief be denied. We agree that well-established test is applicable. Transit apparently overlooks, however, the fact that in determining the value of relief or loss the record must affirmatively show that its money value, independent of all contingencies, is in an amount in excess of $7,500 ($15,000 in appeals taken in 1960 and thereafter). Fanchon & Marco Enterprises, Inc. v. Dysart, Mo., 189 S.W.2d 291, 293 [2, 3] [4]. The cases cited by Transit in support of its contention as to our jurisdiction recognize the necessity that the record affirmatively show the money value of the relief or loss and in the cited cases, proof was offered or other record facts appeared which supplied such an affirmative showing.

We have examined the present record and we are unable to find any direct evidence or any evidence supporting other than a speculative inference that the monetary value of the relief or loss is in any amount.

The second amended petition on which the case was tried was filed the same day the case was tried, July 1, 1958. As we have noted, that second amended petition sought to recover the cost of maintenance theretofore performed on the viaducts and subways by Terminal in the total sum of $6,712.94. Thus, the only reasonable conclusion is that the *only* maintenance Terminal had performed on the viaducts and subways to the time of trial was that represented by the monetary amount it sought as a judgment against Transit. The only direct evidence which bears on the question was the testimony of two of Transit's witnesses. Mr. Peck identified exhibit 10 as a 1955 report of a survey of the viaducts and subways which showed that the estimated maintenance cost of Terminal's subways and viaducts was $145,400 and testified that probably that estimate would have been increased twenty-five per cent by trial time. Mr. Avery testified that the work represented by the 1955 estimate was needed but

that "Very little of it" had been done by trial time. The further conclusion is thus required that the "very little" maintenance which had been accomplished was that for which recovery was sought in the second amended petition and for which the trial court entered judgment in the sum of $5,613.30. It appears, therefore, that at the time of the appeal, what amount, if any, Terminal would spend in the future for maintenance and when it would spend it were speculative and conjectural and consequently the effect of the declaratory judgment was to determine Transit's liability for some undetermined amount wholly contingent upon Terminal's accomplishing future maintenance on the structures in question.

Now, it is true that the trial court's decree provided, inter alia, that Transit was obligated to pay Terminal one half the cost of maintenance and repair of certain viaducts and subways during the times when they "were or are now being, or may in the future be used" etc., and provided further that as to certain other viaducts and subways, Transit was obligated to pay Terminal one third the cost of maintenance and repair "during such times as it has in the past used, is now using, or may in the future use said viaducts and subways" etc. In other words, the decree provided for Transit's liability to share the cost of maintenance since the date it substituted its buses for streetcars. Even so, however, it appears at first blush, and it is not contended or demonstrated to the contrary, that Transit would owe money only if and when Terminal accomplished maintenance.

■ This court has only such jurisdiction as has been specifically conferred upon it by the constitution, and the ground or grounds for our jurisdiction must affirmatively appear of record when an appeal is taken. It does not affirmatively appear of record in the instant case that the amount in dispute, independent of all contingencies, exceeds the sum of $7,500, exclusive of costs, and this court's appellate

jurisdiction does not otherwise appear. Article V, Section 3, 1945 Constitution, V.A.M.S.

This case is transferred to the Kansas City Court of Appeals.

· HOLMAN and HOUSER, CC., concur.

PER CURIAM: The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.