**570**

David R. WARTENBE, Loretta C. Wartenbe, John A. Wartenbe and Cledith D. DeNoon, Trustees of Wartenbe Filters, Inc., Appellants,

v.

CAR-ANTH MANUFACTURING AND SUPPLY COMPANY, Respondent.

No. 48183.

Supreme Court of Missouri,

Division No. 2.

Feb. 12, 1962.

Wilder Lucas, Jack R. Mandel, St. Louis,. for appellants.

John M. Goodwin, Morton H. Orenstein,. and Hocker, Goodwin & MacGreevy, St. Louis, for respondent.

EAGER, Presiding Judge.

A serious question of our jurisdiction in this case arose at the time of the oral argument. We determined, however, to await a consideration of the briefs and the rather extensive record before ruling that question. We have now read the entire record and have determined that we have no jurisdiction.

The suit is one for alleged breach of contract in failing to perform certain work upon component parts of approximately 961 oil filter assemblies. In their amended petition plaintiffs prayed for the sum of $15,444 as the difference between the total expenses incurred in getting the final work done elsewhere and what they would have been required to pay had the controverted contract been performed. The jury found for the defendant and plaintiffs appealed. During the trial considerable question arose concerning the legal validity of certain claimed items, as included in the total damages prayed. One of these was the defendant's statement for work done ($1,632.97) which plaintiffs had refused to pay, except for an initial deposit, and for which a counterclaim was pending. Another was the cost ($1,101.77) of patterns for castings which had been burned in a fire at the shop of a third party, where some of the subsequent work was being done. Still another such item was the value of the time of one of the plaintiffs for a period of three months

while he, as President of the now dissolved corporation, was looking for other shops, and perhaps methods, for the completion of the work, although he was then on a salary. With reference to the burned patterns, counsel for plaintiffs stated during the trial: "We are not claiming damages on that here. It was eliminated." We mention these matters, not to show a factual dispute, but to demonstrate that there was a serious question throughout the trial as to the amount which might legally be claimed, in good faith. Upon questioning from the bench counsel for appellant were unwilling to concede here that the amount actually claimed had been reduced below the sum of $15,000 during the trial.

We find in the final argument of plaintiffs' counsel to the jury, the following: "* * * I think that after you have taken everything into consideration and looked at some of these things that were done, like this, by the defendant in this case that you will come to the conclusion— and I might say that the total cost here amounts to $9122.82 and I believe after considering the case, after giving it careful consideration, you will come back with a verdict in that amount for the plaintiff." Despite any previous uncertainty in the items or the total claimed, we thus see that the case was submitted to the jury upon an expressed request for a verdict of $9,-122.82. For all practical purposes this was equivalent to an amendment of the prayer of the petition. The case cannot be tried and submitted to the jury on one theory and presented here on another. Had this been frankly disclosed during the argument, the case would have been transferred from the bench.

It is really unnecessary to repeat here that this is a court of limited jurisdiction (Missouri Constitution, Art. 5, § 3, V.A.M.S.; Section 477.040 RSMo 1959, V.A.M.S.). And the ground of our jurisdiction, here $15,000, exclusive of interest and costs, must affirmatively appear of record. Kansas City Terminal Ry. Co. v.

Kansas City Transit, Inc., Mo., 339 S.W. 2d 766; Johnson v. Duensing, Banc, Mo., 332 S.W.2d 950. We must determine the fact of our jurisdiction sua sponte, when any doubt exists. Johnson, supra.

This cause will be transferred to the St. Louis Court of Appeals. It is so ordered.

All of the Judges concur.