Edward L. DUNBAR et al., Appellants,

v.

**BOARD OF ZONING ADJUSTMENT et al.,**
Respondents.

No. 50429.

Supreme Court of Missouri,

Division No. 1.

June 8, 1964.

Motion for Rehearing or for Transfer
to Court En Banc Denied
July 13, 1964.

Walter A. Raymond and William W. Cochrane, Kansas City (Raymond, West & Cochrane, Kansas City, of counsel), for appellants.

Herbert C. Hoffman, City Counselor, Guy W. Rice, Associate City Counselor, Kansas

City, for respondent, Bd. of Zoning Adjustment.

William E. Kemp, James P. Tierney, Kansas City (Kemp, Koontz, Clagett & Norquist, Kansas City, of counsel), for respondent, Franklin J. Stowell, Receiver of Arizona Sav. and Loan Asso.

COIL, Commissioner.

In April 1962 the receiver of the Arizona Savings and Loan Association applied to the Board of Zoning Adjustment in Kansas City for the zoning of a site in Platte County for the construction of a waste stabilization lagoon. At a rehearing in October 1962 (granted after the application had been denied at the first hearing), the board approved the application for the facility subject to certain specified conditions pertaining to its construction.

Appellants here, who opposed the application below, were granted a writ of certiorari by the Circuit Court of Platte County to review the record upon which the Board of Zoning Adjustment approved the receiver's application. Following separate returns and answers by the board and receiver and after arguments of counsel, the circuit court affirmed the action of the board. Opponents, plaintiffs below, have appealed and contend that jurisdiction is in this court on the ground that the construction of the constitutions of the United States and of this state is involved within the meaning of Article V, Section 3, Missouri Constitution, V.A.M.S. Respondents contend that this court has no jurisdiction either on the assigned ground or for any other reason.

In our view, respondents are correct and jurisdiction of this case is properly in a court of appeals.

The zoning application was filed pursuant to Section 65.210, Revised Ordinances of Kansas City, Missouri, as amended, and sought a permit to construct in stages two lagoons or cells, each comprising two acres, on either eight acres or eleven acres of land, located about 2,500 feet north of Missouri Highway T and 2,800 feet west of United States Highway 71 in an R–A (agriculture) district. The land on which the lagoon was to be built was owned by the receiver of Arizona Savings and Loan Association, who sought to construct the facility to serve five existing houses and other proposed houses in subdivisions known as "Prairie Point Manor" and "Bel Manor." The proposed lagoon site is 1⅜ miles north of the north end of the City of Weatherby Lake, a city of the fourth class, located on Weatherby Lake. Title to the lake waters and lake bed are vested in Weatherby Lake Improvement Company as trustee for all the property owners in the City of Weatherby Lake. The evidence showed there were about 134 houses in the city, 363 residents, and about 600 lot owners.

The essential controversy, as disclosed by the record made before the Board of Zoning Adjustment, was whether effluent from the lagoon will drain into the lake at all or in such kind and quantity as to detrimentally contaminate or pollute the waters thereof.

Neither in appellants' "Points Relied On" nor in the argument portion of their brief is there any contention that the zoning ordinance in question or any pertinent state statute is unconstitutional or invalid. The "Points Relied On" briefly summarized are: that the board and the court below misconstrued and failed to apply the controlling law; that the application to the board was insufficient in that it did not contain detailed plans as required by law; that the board's order was illegal and void because a public and private nuisance would be the result of the operation permitted by the order; that the board's order was not supported by substantial evidence on the whole record but was unlawful and unreasonable; that the board's order is illegal because is fails to protect the appropriate use of plaintiffs' neighboring property in that it will depress the value of plaintiffs' properties in Weatherby Lake and in that *it deprives plaintiffs of prior vested property rights in Weatherby Lake and in their prop-*

*erty in violation of specified constitutional provisions;* that the order of the board fails to take into account the equities involved and makes no attempt to effect a balancing of the general public's interest in the proposed zoning with plaintiffs' (who constitute an important segment of the public in the affected area) private property interests; and that *the order is thereby in violation of Section 89.040, RSMo 1959 and V.A.M.S. and is unconstitutional because it would thereby deprive plaintiffs of due process and equal protection of the law under the federal and state constitutions.* The only references in the argument portion of the brief to the "constitutional points" in the "Points Relied On" are conclusionary statements to the effect that the order of the Board of Zoning Adjustment deprives plaintiffs of the specified constitutional rights.

It seems clear from the foregoing résumé of appellants' contentions that no question has been raised involving the construction of either the Constitution of the United States or of the State of Missouri. The statement of the Kansas City Court of Appeals in Bartholomew v. Board of Zoning Adjustment, Mo.App., 307 S.W.2d 730, 732, is here apposite: "Plaintiffs do not question the general constitutionality of the zoning law. It is rather their position that under the facts here, they proved a lawful nonconforming use amounting to a vested right, which both constitutions will preserve. If the evidence discloses such proof this court will protect such right and defendants do not contend otherwise. Thus the constitutional questions presented are somewhat summarily disposed of—substantively, by these observations and jurisdictionally, by the action of the Supreme Court in transferring the case to us. The following cases give ample precedent support to the conclusions just expressed. Curtin v. Zerbst Pharmacal Co., 333 Mo. 346, 62 S.W.2d 771, 772; Veal v. Leimkuehler, Mo.App., 249 S.W.2d 491, 495; Superior Press Brick Co. v. City of St. Louis, Mo., 152 S.W.2d 178."

As suggested by the court in Bartholomew, supra, so also in the present case; if the evidence shows appellants have been deprived of constitutionally protected rights, they may have those rights protected. It may be that appellants will be able to convince an appellate court that had the trial court properly applied undisputed constitutional provisions, the application for the permit should have been denied; but applying established constitutional principles does not involve the *construction* of either constitution.

It seems to us that appellants are in reality contending that the judgment of the circuit court is erroneous because it affirmed the board's decision which appellants say was not supported by competent and substantial evidence upon the whole record. The errors urged, if established, are correctible on appeal without involving the construction of any provision of either constitution.

The cases cited and relied upon by appellants to support their claim that this court has jurisdiction are clearly distinguishable from this case in that in the cited cases the constitutionality or validity of a zoning statute or zoning ordinance had been challenged and thus its validity was directly involved.

While appellants do not rely ·upon it as a ground for our jurisdiction, we should point out that we have carefully examined the record to determine whether there is any affirmative showing therein that the amount in dispute exceeds $15,000. Article V, Section 3, Missouri Constitution, and Section 477.040, RSMo 1959, V.A.M.S.

There is considerable evidence in the record pertaining to the cost of the proposed lagoon in question, the cost and value of the work done under a prior (expired) permit, and the costs of alternate suggested sewage disposal plans. There are statements in evidence to the effect that a denial of the application would do irreparable damage to the owners of the land in the

proposed subdivision in that it would relegate that land as well as much land in the surrounding area to permanent status as farm land by preventing urban development; assuming, however, that a trunk sewer system was not economically feasible. There is also evidence in the record to the effect that if the proposed lagoon contaminated or polluted Weatherby Lake it would lower property values there, and that the granting of the application would adversely affect the value of property in the surrounding area belonging to plaintiffs and to others. One witness speculated that if the present application was approved it would open the door to further applications which would eventually result in the presence and use of thirty lagoons instead of one which, if so, would cause the abandonment of Weatherby Lake in that the property values in the City of Weatherby Lake would be absolutely destroyed. Furthermore, the record shows that the assessed valuation of property in the City of Weatherby Lake is $690,000 and its actual value about two million, and that the homes built there are valued at from $15,000 to $90,000. It seems apparent, however, that the opinion testimony that the approval of the one application in this case means the Board of Zoning Adjustment will approve applications for thirty additional lagoons in a certain area, if made, is entirely conjectural and does not affirmatively show that any definite monetary amount is in dispute.

The test which should be applied in this type of case to determine the amount in dispute is the value in money of the relief to plaintiff or the loss to defendant should the relief be granted, or vice versa should the relief be denied. In determining the value of such relief or loss, however, the record must affirmatively show that its monetary value, independent of all contingencies, is in excess of $15,000. Kansas City Terminal Ry. Co. v. Kansas City Transit, Inc., Mo., 339 S.W.2d 766; Barnes v. Anchor Temple Assn., Mo., 369 S.W.2d 192, 193[1–3]. This court may not indulge in speculation and conjecture as to the amount in dispute for jurisdictional purposes. Long v. Norwood Hills Corp., Mo., 360 S.W.2d 593, 596, 597.

Inasmuch as the record does not affirmatively show that at the time of the appeal there was in dispute, independent of all contingencies, an amount in excess of $15,000 exclusive of costs, we do not have jurisdiction by reason of the amount in dispute, and inasmuch as no other ground for this court's appellate jurisdiction appears, this case is transferred to the Kansas City Court of Appeals.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur except HENLEY, J., not sitting.